Horace F. Burroughs et al., Respondents, *v.* Matthew Tostevan et al., Appellants.

In an action brought by a material man, under the mechanic's lien law of 1862, for the counties of Kings and Queens (chap. 478, Laws of 1862), to foreclose an alleged lien for the value of materials furnished to a contractor, in which action the contractor is joined as defendant, and a personal judgment is demanded against him, such judgment cannot be rendered where the plaintiff fails to establish his lien. The action is in the nature of a proceeding *in rem*, and, as incident thereto, a personal judgment is authorized "in addition to the judgment" provided for against the owner of the premises; having failed in obtaining that relief, plaintiff fails altogether.

The fact that said act authorizes the enforcement of a lien "by a civil action in a court of record" governed by "the rules and practice in ordinary actions" (§ 2) does not authorize a personal judgment in such a case.

The provision of the Code (Old Code, § 167), authorizing the joinder of causes of action, legal and equitable, by implication prohibits the union of a cause of action for the enforcement of a lien with one for the collection of a debt, except in the case of a mortgage secured by bond or other obligation of the mortgagor or a third person.

*Glacius* v. *Black* (50 N. Y., 145), distinguished.

(Argued December 5, 1878; decided January 21, 1879.)

Appeal from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff against defendants Tostevan and Fagan, entered upon the report of a referee.

The nature of the action and the facts appear sufficiently in the opinion.

*Philip S. Crooke*, for appellants. No personal judgment could be rendered against the contractor unless the lien was established. (*Donnelly* v. *Libby*, 1 Sween., 259; *Beal* v. *Congregation*, 1 E. D. Smith, 654; *Brown* v. *Wood*, 2 Hilt., 579; *Blauvelt* v. *Woodworth*, 31 N. Y., 287; *Grogan* v. *Raphael*, 6 Abb., 306; S. C., 4 E. D. Smith, 754; *Eagleson* v. *Clark*, 2 id., 693; *Grogan* v. *Magor*, 2 id., 693; *Maltby* v. *Greene*, 1 Keyes, 548; *Grant* v. *Vandercock*, 57 Barb., 165; *Kelsey* v. *Rouke*, 50 How. Pr., 315; *Glacius* v. *Black*, 50 N. Y., 145; 4 Hun, 91; S. C., 67 N. Y., 565; *McGraw* v. *Godfrey*, 56 id., 610; *Darrow* v. *Morgan*, 65 id., 333; *Hallahan* v. *Herbert*, 57 id., 409; *Ryan* v. *Giroux*, 1 N. Y. Wkly. Dig., 399; *Spencer* v. *Barnett*, 39 id., 94; 36 id., 604; *Gambling* v. *Haight*, 59 id., 354; 21 Hun, 231.)

*George H. Fisher*, for respondents. Plaintiffs were entitled to a personal judgment against the contractors. (Laws 1862, chap. 478, § 13; *Gambling* v. *Haight*, 59 N. Y., 354; Philips on Mech. Lien, §§ 295, 598, etc.; Kneeland on Mech. Lien, 444, etc.; *Schaettler* v. *Gardner*, 41 How. Pr., 243; S. C., 47 N. Y., 406; *McGraw* v. *Godfrey*, 56 id., 610; *Hallahan* v. *Herbert*, 57 id., 416; *Darow* v. *Morgan*, 65 id., 337; *Glacius* v. *Black*, 50 id., 153; S. C., 67 id., 566; *Barton* v. *Herman*, 8 Abb. Pr. [N. S.], 399; *Maltby* v. *Greene*, 3 N. Y. Ct. of App. [Abt.], 151.) The words "in addition to the judgment" in section 13 of the act of 1862 (chap. 478) are surplusage; the object of the act is to dispose of the entire controversy in one action. (*Hallan* v. *Herbert*, 57 N. Y., 416.)

Andrews, J. The plaintiffs claiming to have acquired a lien upon certain premises in Brooklyn, owned by the Home of the Good Shepherd under an act of the Legislature, entitled, "an act for the better security of mechanics, laborers, and others who perform labor or furnish materials for buildings, and other improvements on land in the counties of Kings and Queens," passed April 24, 1862 (chap. 478), for

the value of materials furnished by them to Tostevan & Fagan, contractors, for building a house on the premises, upon which the lien was claimed, brought their action to foreclose the lien, making the Home of the Good Shepherd, and Tostevan & Fagan, the contractors, defendants. The complaint described the lot on which the lien was claimed, and alleged the making of a contract between the Home of the Good Shepherd and Tostevan & Fagan for the erection by them of a house thereon, and that the plaintiffs after the contract was made sold to the contractors materials which were used by them in constructing the building, and that they were indebted to the plaintiffs therefor in the sum of $1,135.99. It further alleged the service of a notice of lien, as provided by the act, on the 29th day of April, 1874, and within three months after the materials were furnished, and demanded judgment for an accounting, and for the sale of the premises described in the complaint for the satisfaction of the lien, and a personal judgment against the contractors, for the debt for the materials furnished.

The issues in the action were referred to a referee for trial, and he denied the relief demanded in the complaint in respect to the alleged lien, on the ground that it appeared by the evidence that the contract between The Home of the Good Shepherd, and Tostevan & Fagan, was made subsequent to the purchase and delivery of the materials for which the lien was claimed, and that although they were afterwards used by the contractors in performing their contract, the act did not authorize the creation of a lien, for an indebtedness of Tostevan & Fagan, existing at the time the building contract was made, and when no relation of owner and contractors existed between the defendants. The referee, however, treating the action as in one aspect, an action for goods sold and delivered, awarded a personal judgment against the defendants Tostevan & Fagan for the debt.

There is no exception to the decision of the referee in respect to the existence of the lien, and the correctness of his conclusion upon that question, is not involved on this appeal.

The point we are to determine is whether in an action brought by a material man, under the act of 1862, against the owner of real property, to foreclose an alleged lien, for the value of materials furnished to a contractor in which action the contractor is joined as defendant, and a personal judgment demanded against him, such judgment may be rendered, when the claimant fails to establish his right to equitable relief, and it appears from the facts proved that the claim was not one for which under the act, a lien had been, or could be created. The power of the court to render a personal judgment, under the circumstances, is claimed to be conferred by the thirteenth section of the act in question, which provides that when the action or proceedings " are commenced by a person having a claim against a contractor, with the owner, * * * the contractor may be made a defendant with such owner, and judgment may be rendered against the contractor, or sub-contractor for the amount which shall be found owing by him, *in addition* to the judgment hereinbefore provided for against such owner."

If the power to award a personal judgment in this case, depends upon this section of the act, it is difficult to see how the judgment can be maintained. There can be no doubt that in an action to enforce a lien, for a debt owing by a contractor, the contractor is a proper party. The thirteenth section expressly authorizes him to be joined, and if there was no express provision upon the subject, the plaintiff would upon general principles be justified in joining him as a defendant in the action. The claimant must establish his debt, before he can have judgment for the sale of the premises upon which the lien is claimed. The second section prescribes that he shall demand in his complaint an accounting and settlement of the amount due, or claimed to be due, and by the twelfth section, payment by the owner of a judgment recovered against him pursuant to the act, enures as a payment to the contractor. It is manifestly proper therefore that the contractor, who is to be bound by the judgment, should have an opportunity to be heard in respect to the

claim of the plaintiff. But the thirteenth section, which authorizes the contractor to be joined as defendant, does not confer general power, to render a personal judgment against him in the proceeding. Such a judgment may be rendered, the section declares, "in addition to the judgment hereinbefore provided for, against such owner."

The form of the judgment against the owner, is prescribed in the preceding sections, and the primary scope and purpose of this and other lien laws, is to charge upon real property, debts incurred in improving it, through the creation of liens unknown to the common law, and to provide a remedy in the nature of a proceeding *in rem* for their enforcement. The Legislature, as an incident to the proceeding to enforce the lien, when there is also a personal liability for the debt, by the thirteenth section of the act in question, permits in the same action a recovery *in rem*, and in addition a judgment *in personam*, against the debtor. We cannot, without disregarding the natural force and meaning of the language of this section, hold, that it authorizes a personal judgment against a contractor, independent of, and unconnected with a judgment, establishing and enforcing the lien.

The statute enables a lienor, who in addition to his lien has a personal claim against a contractor, to obtain equitable and legal relief in the same action, but he cannot we think, by force of this section, bring the contractor into a litigation instituted primarily to enforce an alleged lien, and having failed to establish it, have judgment for the debt, as upon a distinct and independent cause of action. It is urged however that irrespective of the thirteenth section, judgment against the contractor was legally rendered.

Under the Kings county act, the proceeding to enforce the lien is "by a civil action in a court of record," commenced by the service of a summons, and governed, in respect to the rules of pleading, the mode of trial, and the form of judgment, by the rules and practice in ordinary actions for the enforcement of civil rights in courts of justice. (Sec. 2.) The act in this respect differs from most, if not all the other

lien laws of the State, which provide a special and summary remedy, for the enforcement of the liens created thereunder, and where both the lien and the remedy are purely statutory.

It is insisted by the learned counsel for the plaintiffs, that under the act in question, the lien is entirely distinct from the action or proceeding to enforce it, and as we understand his argument, he claims that upon general principles, a plaintiff having a lien upon the property of another, for the debt of a third person, arising in any way, upon statute or by contract, or otherwise, may under the present system of procedure, bring his action to foreclose his lien, joining the debtor as defendant, and have such judgment as the facts warrant, either judgment for the foreclosure of the lien, and *in personam*, against the debtor, or judgment for the debt alone.

This practice was not authorized before the Code. In *Dunkley* v. *Van Buren* (3 J. Chy., 330), it was held that on a bill to foreclose a mortgage, the mortgagee was confined to his remedy on the mortgage, and that the complainant could not in the foreclosure suit have judgment against the mortgagor *in personam* for a deficiency, arising on the sale of the mortgaged premises. The Revised Statutes changed the rule upon this point, and authorized the court in a suit for foreclosure, to decree the payment of any deficiency against the mortgagor, or other person liable to pay the mortgage debt. (2 R. S., 191, §§ 152, 154.)

Section 167 of the Code, authorizes the plaintiff to unite in his complaint, several causes of action, whether legal or equitable, but subject to the qualification that the causes of action so united, must all belong to one of the classes specified " and except in the action for the foreclosure of mortgages, must affect all the parties to the action," and in respect to actions for the foreclosure of mortgages, it incorporates the provisions of the Revised Statutes, to which we have referred.

The section by implication prohibits the union of a cause of action for the enforcement of a lien, with an action for the

recovery of a debt, except in the case of a mortgage secured by a bond or other obligation of the mortgagor, or of a third person. This case is not within the exception, and except for the provisions of the thirteenth section of the lien act, the complaint would have been demurrable, for the improper joinder of causes of action. The right to a personal judgment in an action under the lien law in question, depends therefore exclusively upon that section, and this as we have seen, only authorizes it as an incident to the main relief sought, viz.: the foreclosure of the lien. If the action fails as to that relief, for the reason that no lien was ever obtained it fails altogether.

The case of *Glacius* v. *Black* (50 N. Y., 145), does not conflict with the views here expressed. The court in that case held that the expiration of a lien, by limitation of time, pending the proceeding for foreclosure, did not prevent the court from thereafter rendering a personal judgment in the proceeding. The plaintiff when the proceeding in that case was commenced, had a valid lien, and we held that the right to a personal judgment, was not lost by the act of the law, which during the pendency of the proceeding, deprived him of a right to a part of the relief to which he was entitled when the proceedings were commenced.

We think the judgment should be reversed, and a new trial ordered, costs to abide event.

All concur.

Judgment reversed.