J. PHILIP WEYER et al., Appellants, v. WILLIAM BEACH,
        owner, impleaded, etc., Respondent.

Under the Code of Civil Procedure (§ 1338), where an order of General
    Term, reversing a judgment entered upon the report of a referee, does
    not state that it was made on questions of fact, it will be deemed to have
    been made on questions of law only.
Where, in a proceeding under the general lien law (chap. 402, Laws of
    1854, as amended by chap. 558, Laws of 1869, and chap. 489, Laws of
    1873), to foreclose an alleged mechanic's lien, it appears that no lien ever
    existed, a personal judgment cannot be rendered against the owner of
    the premises upon an independent contract between him and the
    claimant.
The proceeding being statutory can only be resorted to in a case falling
    within the statute, i. e., where a mechanic's lien exists. The power to
    render a personal judgment is merely incidental to the main purpose, and
    where it appears that no lien ever existed. the whole proceeding falls.
Glacius v. Black, (67 N. Y., 563; S. C, 50 id., 145), distinguished.
As to whether, under said act, any personal judgment can be rendered
    except for a deficiency, quære.

(Argued December 5, 1879; decided January 13, 1880.)

APPEAL from order of the General Term of the Supreme
Court, in the third judicial department, reversing a judg-
ment in favor of plaintiffs against defendant Beach, and
granting a new trial as to him.   (Reported below, 14 Hun,
231.)

These were proceedings under the general lien law to
foreclose an alleged mechanic's lien upon certain premises
owned by Beach.

The facts appear sufficiently in the opinion.

*Erastus P. Hart,* for appellants.   The personal judgment
awarded and entered was warranted by the facts found and
authorized by the statute.   (*Leonard* v. *Vredenburgh,* 8 J. R.,
29; 4 Cow., 432; 2 N. Y. 225–229; 21 id., 412, 419, 420, 427,
433, 487; 5 Wend., 235; 55 N. Y., 651; Laws 1854, chap.
402, p. 1086;   Laws 1860, chap. 558; Laws 1873, chap.

489, p. 743; *Glacius* v. *Black*, 50 N. Y., 145, 153, 154; 67 id., 563–565; 11 Hun, 91; 50 N. Y., 154; *Grant* v. *Vandercook*, 57 Barb., 165; *Maltby* v. *Greene*, 1 Keys, 548–552; *Freeman* v. *Crane*, 3 N. Y., 305–308; *Hubbell* v. *Schreyver*, 56 id., 604, 605; 15 Abb. [N. S.], 300, 306; *Danow* v. *Morgan*, 65 N. Y., 333; *Hallahan* v. *Hubert*, 57 id., 409, 416–417.)

*David B. Hill*, for respondent. It was error to permit a recovery upon the cause of action arising upon the alleged parol promise, because such claim was improperly joined in this proceeding. (Laws 1873, chap. 489; *Benton* v. *Wichwire*, 54 N. Y., 226; *Murhlitt* v. *Silverman*, 50 id., 360; *Grant* v. *Vandercook*, 57 Barb., 165; *Burroughs* v. *Tostevan*, 75 N. Y., 567; *Dowdney* v. *McCullum*, 59 N. Y., 367; *Wilson* v. *Palmer*, 11 Hun, 325; Code Civil Procedure, § 167; *Leary* v. *Gardner*, 63 N. Y., 624; *Kelsey* v. *Rourke*, 50 How., 315; *Hallahan* v. *Herbert*, 57 N. Y., 409.) The referee erred in receiving in evidence entries in plaintiffs' books made in the absence of defendant Beach. (*Meacham* v. *Pell*, 51 Barb., 65; *Peck* v. *Von Kellee*, 19 Alb. L. J., 201; *Vosburgh* v. *Thayer*, 12 J. R., 461; *Tomlinson* v. *Borst*, 30 Barb., 42; *Eber* v. *Lorillard*, 19 N. Y., 229; *Green* v. *H. R. R. R. Co.*, 32 Barb., 34; *Worrall* v. *Parmelee*, 1 N. Y., 519; *O'Sullivan* v. *Roberts*, 39 Supr. C. R., 360; *Clark* v. *Crandall*, 3 Barb., 612.) The plaintiffs acquired no lien. (*Cheny* v. *Troy Hospital Association*, 65 N. Y. R., 282; *Prensser* v. *Florence*, 51 How., 385; *Thompson* v. *Yates*, 28 id., 142; *Smith* v. *Coe*, 2 Hilton, 365; *Schenider* v. *Hobern*, 41 How., 233; *Crane* v. *Genin*, 60 N. Y. R., 131; *Haswell* v. *Goodchild*, 12 Wend., 373; *Cox* v. *Broderick*, 4 E. D. Smith, 721; *Bailey* v. *Johnson*, 1 Daly, 61; *Smith* v. *Brady*, 17 N. Y. R., 173; *Cunningham* v. *Jones*, 20 id., 486; *Crane* v. *Genin*, 60 id., 127; *McMillin Seneca Lake Co.*, 5 Hun. 12; *Lumbard* v. *Syracuse R. R. Co.*, 55 N. Y. R., 491; *Furguson* v. *Burk*, 4 E. D. Smith, 760; *Linn* v. *O'Hara*, 2 E. D. Smith, 560.)

Rapallo, J. The referee found that at the times of the filing of the notices of lien by the several claimants in this proceeding, nothing was due from the respondent to Stone & Bassett the contractors to whom the materials and labor of said several claimants were furnished, and that nothing afterwards became due to said contractors. Also that none of the payments which had been made by the respondent to the contractors were made by collusion, for the purpose of avoiding or with intent to avoid the provisions of the statute in relation to mechanics' liens. Upon these findings the conclusion necessarily followed that none of the claimants ever acquired any lien upon the premises in question, and that the proceeding to enforce the alleged liens was without foundation.

The referee so decided, but he rendered a personal judgment against Beach the owner and respondent, upon a verbal agreement found to have been made by him with the claimants Weyer & Waltzer that he Beach would keep back from the payments which should be coming to the contractors under the contract, enough to pay to those claimants what sums the contractors might owe them for brick delivered, if notified or posted in respect thereto by such claimants, which agreement the referee found to have been broken by the respondent.

In the opinion at General Term the reversal of the judgment was placed upon two grounds, one of which was that they disagreed with the referee as to the facts, and were of opinion that the evidence established an agreement by the respondent to become surety for the contractors for such sums as they might owe the claimants for brick furnished, and that his undertaking not being in writing was void by the statute of frauds. The order of reversal, however, does not state that it was made on questions of fact, and it must therefore, pursuant to section 1338 of the Code, be deemed to have made, not on any question of fact, but on questions of law only. The respondent cannot therefore avail himself of the view of the facts taken by the court at General Term

but must abide by the findings of the referee, they having some evidence to support them.

The other ground of reversal was that the claimants having failed to make out that any lien ever existed, the whole proceeding must fall and no personal judgment could be rendered therein.

This point has several times been decided by this court. The proceeding is statutory and can only be resorted to in a case falling within the statute, that is, where a mechanics' lien exists. The main object of the proceeding is to enforce the lien, and the power to render a personal judgment is merely incidental to the main purpose, and to avoid the necessity of resorting to a separate action. But where no lien exists, this form of proceeding cannot be resorted to for the purpose of enforcing a mere personal contract between parties, and the unfounded allegation of the existence of the lien does not authorize the substitution of this proceeding in place of the proper common law action. If it did, all demands on contracts relating to building, and many others, might be enforced by proceedings under the statute, by simply making the false allegation that a lien had been acquired. In *Burroughs* v. *Tostevan* (75 N. Y., 567), decided January, 1879, it was held that even where the alleged lien was sought to be enforced by action, pursuant to the statute in force in Kings county, a personal judgment could not be rendered if no lien was established.

In *Glacius* v. *Black* (67 N. Y., 563; 50 id., 145) the case arose under the Kings county act, which expressly authorized a personal judgment, and the court had acquired jurisdiction of the proceeding, because a lien in fact existed when it was instituted, but expired by lapse of time during its pendency. But in no case has it been held that where no lien ever existed the proceeding can be entertained for the mere purpose of enforcing a personal contract.

The counsel for the appellants claims that the decision of the referee that the claimants did not acquire a lien is open for review here. Though both parties appealed to the Gen-

eral Term from the judgment entered on the report of the referee, it was reversed only on the appeal of the respondent Beach. It does not appear that any disposition was made of the claimants' appeal. If they desired to litigate again the question of lien, they should have gone to a new trial instead of appealing from the order. We see no error however in the decision of the referee on the question of lien.

The main contention of the counsel for the appellants is that the amendments of 1873 (Laws of 1873, chap. 489), to the lien law of 1854, enlarge the powers of the court in such cases so as to authorize a personal judgment though no lien be established.

It is to be observed that the general lien law of 1854 and 1869, under which the proceeding in this case was instituted (unlike the local lien laws which have been before us in other cases), contains no express authority for the rendition of any personal judgment. The authority to commence an action by the service of a notice of the facts constituting the claim is confined in express terms to an action to enforce the lien created by the filing and docketing of notice of claim in the county clerk's office, and the same language is preserved unchanged in the amendments of 1873. But in those amendments a provision is added (§ 24) which enacts that the court shall have power "to direct that judgment be entered for any deficiency remaining after the enforcement of the judgment originally rendered against the owner or other party interested in said premises affected thereby ; and may issue execution against other property, real or personal, of such owner or party interested as aforesaid." This is the only express power contained in either act to render a personal judgment, and the language of the provision clearly indicates that it was not intended that the proceedings should affect any property other than that upon which a lien should be established, except in case of the insufficiency of that property to satisfy the lien.

The counsel however seeks to imply such a power from other provisions in the amendments, viz. : Section six pro-

vides that the Supreme Court or County Court shall have power to adjust and enforce all the rights and equities between all or any of the parties, and enforce and protect the same by any of the remedies usual in said courts. Section eleven of both acts provides that upon default in answering, the amount of the claim shall be assessed and judgment shall be entered establishing the amount of the lien and costs, and execution shall thereon issue in the same manner as on other judgments, except that it shall direct the sale of the interest which the owner had in the premises at the time of the filing of the lien. Section fourteen of the act of 1854 provides that if judgment shall be for the claimant after trial, it shall be enforced as provided in section eleven, while section fourteen of the act of 1873 provides that it shall be enforced as provided in " this act." This change is not we think sufficient, nor was it intended, to enlarge the power of the court in rendering judgment, but relates to the manner of enforcing such judgments as the court is under the act authorized to render, viz. : Judgments for the enforcement of the lien and for a deficiency, and for costs against either party. The same remark applies to the provisions in the amended act authorizing the docketing of judgments rendered under the act, as in the case of other money judgments.

The power to render a personal judgment is even more restricted in the act of 1854, as amended in 1873, than it is in the local acts upon which our former decisions were based; and we entertain some doubt whether under this act any personal judgment can be rendered, except for a deficiency. If the plaintiffs have a valid claim upon their alleged agreement with the defendant, they can enforce it in a proper action, and these proceedings will be no bar to such an action, as the claim could not be recovered herein and is rejected for that reason, and not upon its own merits.

The judgment should be affirmed.

All concur.

Judgment affirmed.