JAMES HICKEY, Plaintiff, *against* JOHN J. O'BRIEN, Appellant, and MARIA KIRALFY *et al.*, Respondents.

(Decided December 4th, 1882.)

In proceedings to foreclose a mechanic's lien, if the plaintiff fails to establish the alleged lien, no personal judgment can be rendered.

APPEAL from a judgment of this court entered upon the report of a referee.

The facts are stated in the opinion.

*James Stikeman,* for appellant.

*Richard S. Newcombe,* for respondents.

BEACH, J.—The plaintiff brought this action to enforce a lien claimed as sub-contractor against premises owned by the respondents, whereon O'Brien had contracted with them to do certain repairs. The plaintiff failed to establish any lien, but the referee adjudicated between the owners and contractor, rendering judgment against the latter, who brings this appeal. I am unable to find any authorization for this result. Where the lien is established, the court may regulate by judgment the rights of the parties properly before it, in the proceeding. But to do this a lien must

exist, and if none, the complaint should be dismissed. The proceeding is a statutory one, given to enforce mechanics' liens, and upon failure to show any, it cannot be turned into a procedure equivalent to an ordinary action for the enforcement of rights between parties thus brought before the court, without good reason.

I see no distinction between the case at bar and *Weyer* v. *Beach* (79 N. Y. 409). There, notwithstanding the absence of any lien, the court below rendered a personal judgment against the owner upon a verbal agreement relative to the subject matter, found to have been made by him with one of the claimants. This was held irregular, the learned court saying: "Where no lien exists this form of proceeding cannot be resorted to for the purpose of enforcing a mere personal contract between parties, and the unfounded allegation of the existence of the lien does not authorize the substitution of this proceeding in place of the common law action."

VAN HOESEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.