PATRICK CHILDS, Appellant, *against* HOMER BOSTWICK, Impleaded with James Bernard and others, Respondent.

(Decided March 15th, 1883.)

A verification of a mechanic's lien, to the effect that the statements therein contained are true to the best of the affiant's knowledge, information and belief, is not sufficient under the requirement of the act of 1875 (L. 1875, c. 379), that such verification must be " to the effect that the statement contained in the claim is true to the knowledge of the person making the same."

In proceedings to foreclose a mechanic's lien, if it appears that no valid lien existed at the commencement of the proceedings, a personal judgment for the plaintiff cannot be rendered.

APPEAL from a judgment of this court entered upon the report of a referee.

The action was brought to foreclose a mechanic's lien. The complaint alleged the furnishing of materials and the filing of the lien. The answer put in issue both of these allegations. The proof before the referee showed that the verification to the lien filed was made by the agent of plaintiff,

and was to the effect that he had read the said notice and knew the contents thereof, and that the statements therein contained were true to the best of his knowledge, information and belief. Objection was taken to the sufficiency of this verification, upon the ground that it did not comply with the requirements of the act of 1875, which objection was sustained. Thereupon plaintiff claimed a right to a personal judgment, and it was held by the learned referee that, as plaintiff had failed to prove that he ever had a lien, he could not recover any personal judgment in this action, and the referee dismissed the proceedings. From the judgment thereupon entered plaintiff appealed.

*Henry Brewster*, for appellant.

*A. Prentice*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—It having already been decided by the General Term of this court that the act of 1875 was not repealed by the act of 1880, and is now in force in this city, it is not necessary to discuss that question in considering the ruling of the referee as to the validity of the lien. The verification of the lien was that the statements therein contained were true to the best of the affiant's knowledge, information and belief.

In the case of *Grey* v. *Voerhis* (8 Hun 612) this verification was held to be sufficient under the act of 1873, which provided that the bill of particulars might be verified by the oath of the claimant or his attorney to the effect that the same is true. The language, however, of the statute of 1875 differs materially in this respect from that of 1873. The provision of this act is that " the verification *must* be to the effect that the statement contained in the claim is true to the knowledge of the person making the same." Now it may be very well said that all that an affiant under the act of 1873 is called upon to state is that it is true to the best of his knowledge, information or belief, and that the qualifications are mere surplusage in the verification.

But the act of 1875 requires that the verification shall be made by a person having knowledge of the facts, and not mere information or belief, because the requirement of the statute is that the verification must be to the effect that the statements contained in the claim are true to the knowledge of the person making the same. The verification in question, therefore, did not meet the requirements of the statute, because it was made upon information and belief as well as knowledge.

The claim made upon the part of the plaintiff, that although no valid lien had been filed he was entitled to a personal judgment, cannot be upheld.

The existence of a lien is absolutely necessary to confer jurisdiction upon the court, and no case can be found in which it has been decided that although no valid lien existed at the time of the commencement of the proceeding, the court could entertain the proceeding for the purpose of granting a personal judgment. The case of *Weyer* v. *Beach* (79 N. Y. 412), seems to dispose entirely of this question.

The judgment appealed from must therefore be affirmed, with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment affirmed, with costs.