Childs agt. Bostwick.

doing business under an act of the legislature, which requires three or more trustees is a sufficient allegation of the existence of the other trustees. 2d. The action is joint and several and therefore must be brought against one or against all the trustees (*Strong* agt. *Wheaton*, 38 *Barb.*, 617; *Dean* agt. *Wheaton*, 16 *Hun*, 203).

*James B. Dill* (*Dill & Chandler, attorneys*), in opposition. An allegation of incorporation under the manufacturing act does not incorporate into the complaint an allegation of the existence of any number of trustees (*Smith* agt. *Rathburn*, 22 *Hun*, 150, 155.) The defect does not appear on the face of the complaint (*Parsons* agt. *Tufts*, 2 *Monthly Law Bul.*, 13; *Haines* agt. *Hollister*, 64 *N. Y.*, 1).

---

### N. Y. COMMON PLEAS.

PATRICK CHILDS, appellant, agt. HOMER BOSTWICK and others, respondents.

*Mechanics' lien — Insufficiency of verification — when no valid lien has been filed a personal judgment cannot be had.*

A verification to a mechanic's lien that the statements therein contained were true to the best of the affiant's information and belief is insufficient, and as the lien in such case fails, the court cannot entertain the proceeding for the purpose of granting a personal judgment.

*General Term, June,* 1883.

THIS was an action to foreclose a mechanic's lien. The complaint alleged the furnishing of materials and the filing of the lien. The answer put in issue both of these allegations. The proof before the referee showed that the verification to the lien filed was made by the agent of the plaintiff, and was to the effect that he had read the said notice and knew the contents thereof, and that the statements therein contained were true to the best of his knowledge, information and belief. Objection was taken to the sufficiency of this verification, upon the ground that it did not comply with the requirements of the act of 1875, which objection was sustained.

Thereupon the plaintiff claimed a right to a personal judgment, and it was held by the learned referee that, as plaintiff had failed to prove that he ever had a lien, he could not recover any personal judgment in this action, and dismissed the proceedings; and from the judgment thereupon entered this appeal is taken.

*Henry Brewster*, for plaintiff and appellant.

*A. Prentice*, for defendants and respondents.

VAN BRUNT, *J.*— It having already been decided by the general term of this court that the act of 1875 was not repealed by the act of 1880, and is now in force in this city, it is not necessary to discuss that question in considering the ruling of the referee as to the validity of the lien. The verification of the lien was that the statements therein contained were true to the best of the affiant's information and belief.

In the case of *Gray* agt. *Voorhes* (8 *Hun*, 612) this verification was held to be sufficient under the act of 1873, which provided that the bills of particulars might be verified by the oath of the claimant or his attorney to the effect that the same is true. The language, however, of the statute of 1875 differs materially in this respect from that of 1873. The provision of this act is that "the verification must be to the effect that the statement contained in the claim was true to

the knowledge of the person making the same." Now it may be very well said that all that an affiant under the act of 1873 is called upon to state is that it is true to the best of his knowledge, information or belief, and that the qualifications are mere surplusage in the verification.

But the act of 1875 requires that the verification shall be made by a person having knowledge of the facts, and not mere information or belief, because the requirement of the statute is that the verification must be to the effect that the statements contained in the claim are true to the knowledge of the person making the same. The verification in question, therefore, did not meet the requirements of the statute, because it was made upon information and belief as well as knowledge.

The claim made upon the part of the plaintiff, that although no valid lien had been filed he was entitled to a personal judgment, cannot be upheld.

The existence of a lien is absolutely necessary to confer jurisdiction upon the court, and no case can be found in which it has been decided that although no valid lien existed at the time of the commencement of this proceeding, the court could entertain the proceeding for the purpose of granting a personal judgment. The case of *Weyer* agt. *Beach* (79 *N. Y.*, 412) seems to dispose entirely of this question.

The judgment appealed from must therefore be affirmed, with costs.