Learned, P. J.
The complaint alleges the death of Jane Baker, wife of Theodoras P., and the appointment of plaintiff as her administrator, the finding of Theodoras P. to be a lunatic in proper proceedings, and the appointment of Morhous as his committee, and the permission to sue.
It alleges that Jane in her lifetime lent to Theodoras P„ $l,800j which has not been paid, and the consequent indebtedness of him to her; and that the committee disputes the claim. This makes the first count.
The second, repeating the aforesaid appointments, etc., and the authority to sue, and the loan of the money, alleges the giving of a mortgage on land by Theodoras P. to Jane (or a deed as a mortgage) and a bond to secure the said money, with an agreement that it should be a first lien and all prior liens should be removed.
It alleges that after her death said committee, by virtue of statutory proceedings, sold the said land and received $2,200 therefor; that the committee disputes the existence and validity of plaintiff’s lien and refuses to pay. The plaintiff asks that her claim may be established and paid out of the avails.
The defendants demur on the ground of an improper joinder of causes of action ; also on the ground that the complaint does not state a cause of action, and that the second count does not state a cause of action.
Under section 167 of the old Code as amended 1863, eli. 392, the court of appeals decided in Burrows v. Tostevan, 75 N. Y. 567, that an action to enforce a lien could not be united with an action to recover a debt, except in the case of a mortgage. The language of the present section 484. as enacted in 1876. was different. It omitted the *108 reference to actions for foreclosure of mortgages, and substituted other words : “except as otherwise prescribed bylaw.” It required also that the issues should not require different modes of trial. This last provision was stricken out in 1877, so that there is no requirement that causes requiring different modes of trial may not be united.
ISTow in the present case we have a cause of action against a debtor for money loaned; and we have also a cause of action against his committee in lunacy, who is alleged to be in possession of moneys on which this debt is an equitable lien. This is not an aqtion to foreclose an equity of redemption. The money is in the hands of the committee, and there is no equity of redemption to be barred. There is simply the question whether the plaintiff is equitably entitled to have this money applied to her debt. The action for the enforcement of a lien, referred to in Burroughs v. Tostevan, is an action by which some specific real or personal property subject to a lien is to be sold to satisfy the same.
Nothing of that kind is to be done here, and therefore the remarks in that case do not apply. Although we speak of this claim as an equitable lien on the money, all that is meant is that the court should direct the committee to pay this debt in preference to other claims, out of moneys lying-in his hands. We think therefore that there is no misjoinder of causes of action under Section 484 Code Civil Procedure.
It is further insisted that the complaint shows no cause of action because it does not appear that the lien of the mortgage has been lost, that the sale of the land by the committee must have been subject to the mortgage (Section 2358 Code Civil Procedure). But the complaint does not show that the mortgage was on record. Therefore the purchaser may have taken free therefrom ; while the committee, representing the mortgagor, may be equitably bound to apply so much of the avails as may be needed to pay off the debt.
*109 It is further objected that these avails must be disposed of under the order of the court (Section 2,361), and that therefore this action will not lie. But the judgment of the court in this action will be as authoritative as an order. Furthermore, if the plaintiff’s views are correct, the part of the avails needed to pay off this claim is not strictly the property of the lunatic, although it is now in the hands of his committee. If the plaintiff is correct that part of the avails ought not to be applied under Section 2361 to the benefit of the lunatic.
It is further urged that the second count is not good, first, for the reason above given ; second, because the transaction was between husband and wife, and therefore void. The latter ground we think is answered by the fact that the alleged law was made in 1876. If Jane Baker did loan the money, then it was her separate property and she had a right to recover it.
The judgment interlocutory is affirmed with costs, with leave to defendants in twenty days after notice to withdraw* demurrer on payment of costs and to answer over.