JACOB PARMENTER, as Administrator, etc., Respondent, *v.*
THEODORUS P. BAKER *et al.*, Appellant.

*Supreme Court, Third Department, General Term, December 11, 1889.*

1. *Pleadings. Joinder.*—A cause of action to enforce an equitable lien on
   money in the hands of the committee may be united with one to recover
   the debt against the lunatic.
2. *Lunatics. Committee.*—The committee of a lunatic, on sale of land
   free from an unrecorded mortgage then existing thereon, is equitably
   bound to pay sufficient of the avails to the holder to satisfy the mort-
   gage debt; and an action to compel such application will lie.

Appeal from interlocutory judgment overruling demurrer
to complaint with leave to answer.

*R. L. Hand*, for appellant.

*J. B. Riley*, for respondent.

LEARNED, P. J.—The complaint alleges the death of Jane
Baker, wife of Theodorus P., and the appointment of plaint-
iff as her administrator; the finding of Theodorus P. to be a
lunatic in proper proceedings and the appointment of Morhous
as his committee; and the permission to sue.

It alleges that Jane in her lifetime lent to Theodorus P.
$1,800, which has not been paid and the consequent in-
debtedness of him to her; and that the committee disputes
the claim. This makes the first count.

The second, repeating the aforesaid appointments, etc.,
and the authority to sue and the loan of the money, alleges
the giving of a mortgage on land by Theodorus P. to Jane,
or a deed as a mortgage, and a bond to secure the said
money; with an agreement that it should be a first lien and
all prior liens should be removed.

It alleges that after her death said committee, by virtue of statutory proceedings, sold the said land and received $2,200 therefor; that the committee disputes the existence and validity of plaintiff's lien and refuses to pay. The plaintiff asks that her claim may be established and paid out of the avails.

The defendants demur on the ground of an improper joinder of causes of action; also on the ground that the complaint does not state a cause of action and that the second count does not state a cause of action.

Under § 167 of the old Code, as amended 1863, chapter 392, the court of appeals decided, in Burroughs *v.* Tostevan, 75 N. Y. 567, that an action to enforce a lien could not be united with an action to recover a debt except in the case of a mortgage. The language of the present section 484 as enacted in 1876 was different. It omitted the reference to actions for foreclosure of mortgages and substituted other words : " except as otherwise prescribed by law." It required also that the issues should not require different modes of trial. This last provision was stricken out in 1877. So that there is no requirement that causes requiring different modes of trial may not be united.

Now in the present case we have a cause of action against a debtor for money loaned; and we have also a cause of action against his committee in lunacy, who is alleged to be in possession of moneys on which this debt is an equitable lien. This is not an action to foreclose an equity of redemption. The money is in the hands of the committee, and there is no equity of redemption to be barred. There is simply the question whether the plaintiff is equitably entitled to have this money applied to her debt. The action for the enforcement of a lien, referred to in Burroughs *v.* Tostevan, is an action by which some specific real or personal property, subject to a lien, is to be sold to satisfy the same. Nothing of that kind is to be done here, and therefore the remarks in that case do not apply. Although we speak of this claim as

an equitable lien on the money, all that is meant is that the court should direct the committee to pay this debt in preference to other claims out of moneys lying in his hands. We think, therefore, that there is no misjoinder of causes of action under § 484, Code Civil Procedure.

It is further insisted that the complaint shows no cause of action because it does not appear that the lien of the mortgage has been lost; that the sale of the land by the committee must have been subject to the mortgage. Section 2358, Code Civil Procedure. But the complaint does not show that the mortgage was on record. Therefore the purchaser may have taken free therefrom; while the committee, representing the mortgagor, may be equitably bound to apply so much of the avails as may be needed to pay off the debt.

It is further objected that these avails must be disposed of under the order of the court, § 2361, and that, therefore, this action will not lie. But the judgment of the court in this action will be as authoritative as an order. Furthermore, if the plaintiff's views are correct, the part of the avails needed to pay off this claim are not strictly the property of the lunatic; although it is now in the hands of his committee. If the plaintiff is correct, that part of the avails ought not to be applied, under § 2361, to the benefit of the lunatic.

It is further urged that the second count is not good; first, for the reason above given; second, because the transaction was between husband and wife and, therefore, void. The latter ground we think is answered by the fact that the alleged loan was made in 1876; if Jane Baker did loan the money then it was her separate property and she had a right to recover it.

The judgment interlocutory is affirmed, with costs, with leave to defendants, in twenty days after notice, to withdraw demurrer on payment of costs and to answer over.

LANDON and PUTNAM, JJ., concur.

NOTE ON " JOINDER OF CAUSES OF ACTION."

Separate statement of causes of action need not to be made of detailed transactions which are grouped under a general head.   Langdon v. N. Y., L. E. & W. R. R. Co., 60 Hun, 584.

Allegations in this action held to constitute single equitable cause of action.   Leary v. Melcher, 60 Hun, 578.

Actions, arising out of the same transaction, though one is *ex contractu* and other *ex delicto*, may be united.   Grimshaw v. Woolfall, 40 N. Y. St. Rep. 299.

A complaint in an action to set aside an assignment for creditors, alleging its invalidity on its face, and intent to defraud creditors, contains but one cause of action.   Pittsfield Nat. Bk. v. Tailer, 60 Hun, 130.

Where one contract is set up against two defendants, who made it, though not liable equally or in the same legal right, there is no misjoinder of causes of action or of parties.   Good v. Daland, 53 Hun, 634.

An assault, and false imprisonment immediately following, are properly united.   Walsh v. Dolan, 39 N. Y. St. Rep. 216.

Facts, which form one continuing act creating a single cause of action, may be united.   Newcombe v. C. & N. W. R. R. Co., 55 Hun, 607.

Where defendants constitute two firms, two causes of action, one against each firm, are not improperly united.   Pilwisky v. Catterberry, 30 N. Y. St. Rep. 857.

Causes of action to determine the ownership of property and obtain partition or sale, may be united.   Collins v. Collins, 59 Hun, 620.

In this case, two causes of action were held not to have been improperly united.   Good v. T. & C. C. Co., 121 N. Y. 1.

An allegation of the rights of an assignee of a legacy does not, in action for an accounting and construction of a will, constitute an improper joinder of causes of action.   Barnes v. Barnes, 58 Hun, 525.

Several creditors who are seeking damages for similar frauds, cannot unite in a common action.   Gray v. Rothschild, Sherman v. Same, 112 N. Y. 668.

The widow and children cannot maintain a joint action against the special guardian for his misconduct on the sale of testator's real estate. · Hynes v. F. L. & T. Co., 56 Hun, 641.

In action to adjudge the pledgee, the owner, a demand . against the defendants individually and as executors, is unauthorized.   Newcombe v. C. & N. W. R. R. Co., 55 Hun, 607.

Causes of action for the proceeds of stolen property against one and for the property itself against another party, cannot be pleaded alternately. Sandford v. Fourth N. Bk., 60 Hun, 484.

A complaint which alleges that the defendant, for a valuable consideration, agreed to carry certain trunks containing goods belonging to the plaintiff, but that the defendant so negligently carried them that they were

lost, is not obnoxious to a demurrer as improperly joining causes of action on contract and for injuries to personal property. Rothschild *v.* Grand T. R'y Co., 60 Hun, 582.

A cause of action to foreclose a mechanic's lien is improperly united with one for labor and material furnished for which payment became due after the filing of such lien. Schillinger F. P. C. Co. *v.* Arnott, 14 N. Y. Supp. 326.

A cause of money for money loaned, and a cause of action to enforce a lien upon specific avails of certain real estate, mortgaged to secure the loan and sold, under an order of the court, by the committee of the mortgagor who has become insane, may be united in the same complaint. Parmenter *v.* Baker, 24 Abb. N. C. 104.

The complaint in an action for damages for the erection of an elevated railroad in front of the premises of plaintiff's testator, in which the sureties upon a bond for the payment of any judgment or award for such damages that might be secured, were made defendants, was held bad on demurrer. Hart *v.* Met. E. R'y Co., 27 N. Y. St. Rep. 813.

It attempted to unite a cause of action in tort with one on contract. Id.

A cause of action for injury to the property of a firm cannot be united with a cause of action for injuries from the same wrong to the person of one of the partners. Taylor *v.* Manhattan E. R'y Co., 53 Hun, 305.

A cause of action at law upon a promissory note may be united with one for the foreclosure of plaintiff's lien upon securities deposited as collateral to such note. Farmers & Merchants' Nat. Bk. *v.* Rogers, 15 Civ. Pro. 250.

Where the complaint alleges that the defendant wrongfully entered upon premises occupied by the plaintiff and unlawfully removed and carried away his personal property, and also set up other causes of action for unlawfully entering said premises and interfering with plaintiff's business on different days, it was held that there was no improper joinder of causes of action. Gans *v.* Hughes, 41 N. Y. St. Rep. 106.

A cause of action for a nuisance in obstructing a public highway by the erection of an embankment therein for defendants' railroad, thereby cutting off access to plaintiff's premises, cannot be united with a cause of action for injuries sustained by plaintiff by reason of his horse becoming frightened by one of defendants' trains which was negligently operated. Lamming *v.* Galusha, 63 Hun, 32. The two causes of action do not arise out of the same transaction. Id.

See further, on this point, Stanton *v.* Miss. P. R'y Co., 15 Civ. Pro. 296; Good *v.* Daland, 53 Hun, 634; Bateman *v.* Forty-Second St., etc., R. R. Co., 5 N. Y. Supp. 13 ; Kelly *v.* Gould, 2 Id. 600.