WILLIAMS *et al. v.* DEUTSCHER VEREIN *et al.*

*(Common Pleas of New York City and County, Special Term.* May, 1891.)

MECHANICS' LIENS—FORECLOSURE—NEW PARTIES.

In an action to foreclose a mechanic's lien, it appeared that defendant E. contracted to put an electric light plant in a building owned by defendant D. Defendant E. contracted with plaintiffs to furnish the engine and fixtures, and plaintiffs procured the engine from one M., and gave the following order on E. for the price of the engine: "Please pay M. the sum of $1,250, and charge the same to our account of the D. engine; the payment to be made when the money is due, as per terms and conditions of our contract with you for the above plant." *Held,* that the order was an assignment of the fund in E.'s hands, and M. should be made a defendant, though it had filed no lien and was a non-resident.

Action by Horace M. Williams and others against the Deutscher Verein and another to foreclose a mechanic's lien.

*W. T. Birdsall,* for plaintiffs. *Eaton & Lewis, (Arthur P. Hodgkins,* of counsel,) for Edison Electric Illuminating Company. *Salomon, Dulon & Sutro,* for Deutscher Verein.

BOOKSTAVER, J. This action is brought to foreclose a mechanic's lien. The parties defendant are the Deutscher Verein, the owner of the property, and the Edison Electric Illuminating Company. The present motion is for an order directing that the Samuel L. Moore & Sons Company be made a party defendant, or that the last-named company interplead as a defendant in place of the Edison Company as to the sum of $1,250. The papers submitted show that before the 12th of July, 1890, the Deutscher Verein, the owner of the property, made a contract with the Edison Company for the installation of an electric plant in their building for a sum exceeding $7,000. On the 12th of July the Edison Company subcontracted with the plaintiffs to supply an engine, belting, and other fixtures necessary to complete its contract with the owner. Thereafter the plaintiffs contracted with the Moore Company, a corporation doing business at Elizabethport, N. J., to furnish the engine required by the contract, for which it was to be paid $1,250. This engine was shipped to the plaintiffs on or about December 29, 1890, and was by them used in fulfilling their contract with the Edison Company. Between the date last named and the 20th of January, 1891, the Moore Company pressed the plaintiffs for payment; and on the 20th of January they gave the Moore Company the following order: "NEW YORK, January 20th, 1891. *Edison Electric Illuminating Company,* 432 *Fifth Avenue, New York—*GENTLEMEN: Please pay to the Samuel L. Moore & Sons Company, of Elizabethport, N. J., the sum of twelve hundred and fifty ($1,250.00) dollars, and charge the same to our account of the Deutscher Verein Club engine; the payment to be made when the money is due, as per terms and conditions of our contract with you for the above plant. Yours, very truly, WILLIAMS & POTTER." At the same time they gave the company a letter explanatory of the order. The letter and order were immediately presented by the Moore Company to the Edison Company, which the latter refused to accept or honor, and so advised the plaintiffs, who attempted to revoke the order, but the Moore Company refused to give it up, and notified the Edison Company that it would hold the latter liable on the order, and it ever since has maintained this position, and has never filed a lien for its claim against the property. The plaintiffs offered to indemnify the Edison Company against the claim, but it refused to accept such indemnity, and thereupon this action was brought. The Deutscher Verein Club has deposited the amount of plaintiffs' claim in court with the consent of parties, and has no further interest in defending the action.

From the papers submitted, I believe the claim of the Moore Company against the Edison Company is made in good faith, and without collusion.

From the foregoing statement, it appears that the Moore Company asserts a claim to the amount of $1,250 against the Edison Company, which is valid on its face, provided the order before referred to constitutes an assignment *pro tanto;* and an interpleader, under such circumstances, would be granted without hesitation in an action at law. It therefore remains to inquire whether the order was an assignment *pro tanto*, and, if so, whether the party asserting it can be brought into an action for the foreclosure of a mechanic's lien, where the owner of the claim has filed no lien against the property proceeded against. Whether such an order is to be regarded as an assignment, or as a mere draft, depends upon the intention of the parties, as expressed in the order itself, or gathered from surrounding circumstances. If it be intended as a direction to the drawee to advance the amount of the order without regard to the state of the account, and charge the amount thus advanced to the drawer, and that the drawee is subsequently to reimburse himself out of the sums to become due from him to the drawer on the specified account, or is negotiable, then it is not regarded as an assignment. But if, from the paper itself or the surrounding circumstances, it is apparent that the drawer intended that the drawee should pay the amount out of a designated fund when it would accrue, then it operates as an assignment *pro tanto* of such fund. *Gunther* v. *Darmstadt*, 14 Daly, 368; *People* v. *Dannat*, 77 N. Y. 45; *Brill* v. *Tuttle*, 81 N. Y. 454; *Schmitler* v. *Simon*, 101 N. Y. 554, 5 N. E. Rep. 452; *Lauer* v. *Dunn*, 115 N. Y. 405, 22 N. E. Rep. 270. The paper in question is not negotiable. It is evidently intended to be charged against the amount to accrue out of a designated fund, and hence operates as an assignment *pro tanto* of such fund; and the Moore Company stands as an assignee to that extent. It is elementary that an assignment, executed and delivered to an assignee in good faith, cannot be revoked at the pleasure of the assignor, where there has been no fraud, misrepresentation, or mistake in fact. Nor is the consent of any third party necessary to the validity of such an assignment. In the case of an owner of property against which there is a mechanic's lien, or the contractor, it is sufficient to charge the fund if the party to be charged has notice of such assignment. Section 17 of the mechanic's lien act provides that an assignee of a person filing a notice of lien may be the plaintiff in such action, and, if he may maintain an action, he certainly may be made a party defendant. It further provides that in such actions the plaintiff must make the parties who have filed notices of lien against the property, as well as those who have subsequent liens and claims, by judgment, mortgage, or conveyance, parties defendant. It is even held that in such actions the general assignee of the original contractor may be made a defendant, although the contractor had filed no lien, and that the rights of the assignee, under such circumstances, would be protected. *Thomas* v. *Shagan*, 10 N. Y. Supp. 874. If the claim of the Moore Company against the Edison Company should be established in any action, the latter would, of course, be compelled to pay it, and ought to be protected against the liability of paying it a second time to the plaintiffs in this action. And it was decided, under the act of 1851, that, under such circumstances, the owner was entitled to bring in the contractor, although that law did not provide for it. *Sullivan* v. *Decker*, 1 E. D. Smith, 699. In that case Judge WOODRUFF, after saying that the law provided that actions to enforce a lien should in most respects be conducted like actions at law, added: "To my mind, this provision clearly subjects the proceeding, upon the appearance of the parties, to the control of the court, to as full an extent as the court has such control over other actions of a like nature, and makes the general power of the court to add parties, and especially the provisions of section 122 of the Code of Procedure, (corresponding to section 452 of the present Code,) distinctly applicable. That section provides that, where a controversy cannot be determined between the parties before the court without prejudice to the rights of others, the court must cause them to be brought

in." He then added, substantially, that the contractors could not be bound by a judgment in an action to which they were not parties, and said further: "It is, however, equally apparent that if the contractors are not thus affected by the judgment, *i. e.*, if the payment by the owner to the lienholders is no protection to him against the claims of the contractors, or only a protection when the owner can show affirmatively that the lienholders' claim against the contractors had no valid defense thereto, then the interests and just protection of the owner imperatively demand that, if possible, the contractors should be called into court, so as to be bound by the judgment; otherwise, the owner is exposed to a double litigation, and is in danger of suffering gross injustice." I think it, therefore, clear that the Moore Company may be made a party defendant in this action, although, not having filed a lien, it could not commence such an action. *Hickey* v. *O'Brien*, 11 Daly, 292; *Childs* v. *Bostwick*, 12 Daly, 15. The fact that the Moore Company has commenced an action in the state of New Jersey against the plaintiffs, in which this claim is included, is of no materiality, as the rights of the Edison Company cannot be protected in that action; and the same is true of the action commenced by the plaintiffs against the Moore Company in this state. The fact that the Moore Company is not a resident of this state does not prevent it being made a party. *Sturtevant* v. *Brewer*, 4 Bosw. 628. The Edison Company was not bound to accept indemnity from the plaintiffs, and thereupon pay over the money to them. *Bleeker* v. *Graham*, 2 Edw. Ch. 647. The motion to bring in the Moore Company as a party should therefore be granted, with $10 costs.