versible error, and while from personal experience we are quite aware that in most cases there is provocation from the defendant or his counsel inducing such an argument to the jury, yet we believe no case can be found which justifies a statement by the prosecuting officer to the jury that the defendant's counsel has advised the defendant to plead guilty. Such was the statement here. These views require a reversal of the judgment of conviction.

Judgment of conviction reversed, and new trial ordered. All concur.

---

(30 Misc. Rep. 343.)

MERTZ et al. v. MAPES-REEVE CONST. CO. et al.

(Supreme Court, Special Term, New York County. January, 1900.)

JUDGMENT—CONFORMITY TO PLEADINGS—MECHANICS' LIENS.
> Where an action is framed as for a foreclosure of a mechanic's lien of a subcontractor on a fund due from a city to a contractor for public work, and the lien is shown to be discharged by the giving of a bond, the court has no power to render a personal judgment against the contractor.

Action by William J. Mertz and others against the Mapes-Reeve Construction Company and others. Judgment for defendants.

Ernest Hall, for plaintiffs.
William F. Kimber, for defendant contractor.

BISCHOFF, J. The lien upon the fund due from the city having been discharged by the giving of a bond, the plaintiffs' right to judgment in this action, upon a favorable determination of the issues of fact, must depend upon the power of the court to render a personal judgment against the contractor for the amount due from the latter to the plaintiffs, and for which the lien was filed. I have reached the conclusion that in this action I have no power to grant a personal judgment, but, for the purposes of the record, my finding upon the facts may be stated and embodied in a brief form of decision; the failure to render judgment upon the facts being placed solely upon the ground of an absence of power. I find that the plaintiffs have substantially performed their contract, and that the defendant's counterclaim is not supported by the evidence. The amount due upon the contract is found to be $6,082, less $300, which should be credited to the defendant for work performed by it. For extra work the plaintiffs should be allowed $275.75 (in all, $6,057.75), with interest from September 29, 1898. The ultimate decision, however, must be in form for the dismissal of the complaint. The plaintiffs' lien was filed in September, 1898, at a time when the special provisions of the consolidation act (sections 1824–1838) governing liens under municipal contracts were in force, notwithstanding the passage of the general lien law of 1897. McKay v. City of New York (Sup.) 62 N. Y. Supp. 58. Hence the procedure defined by sections 3398–3418 of the Code, as added in the year 1897, cannot be taken as applicable to this action; its application being confined to proceedings to enforce liens created by virtue of the general law (Code, § 3398). In the earlier statutes providing for mechanics' liens upon real estate, as distinguished from

liens upon funds in the hands of the municipality, provision was made for personal judgment in the event of the failure of the lien; and apparently the distinct provision was essential to the existence of the court's power to render such a judgment, in view of the statutory character of the action. Weyer v. Beach, 79 N. Y. 409. The special provisions of the consolidation act, covering liens for public work, recognize but one form of judgment in the action,—a judgment against the city, founded upon the lien; and, failing support upon the record for such a judgment, the action, framed under the statute, cannot be maintained. Scerbo v. Smith, 16 Misc. Rep. 102, 38 N. Y. Supp. 570. Were it not for the language employed by the court of appeals in the case of Weyer v. Beach, supra, my conclusion would be that the motion for dismissal did not reach the true point in the case, and that, upon the pleadings and proof, a cause of action was made out which should result in judgment for the plaintiffs, since, as I view the situation, my power to render judgment upon the facts pleaded and proven should not have final dependence upon the extent of the jurisdiction possessed by a court of equity. The complaint contains all the averments essential to a cause of action at common law in favor of the plaintiffs and against the defendant contractor, and, while the prayer for relief does not affect the cause of action strictly, here the prayer includes a demand for judgment upon the debt. The proof sustains the complaint, and unquestionably the supreme court has power to grant judgment upon such a cause of action, when the parties are before it. Whether the issues are noticed for trial at the common law or at the equity side of the court, jurisdiction of the cause is obtained by the supreme court; and since that jurisdiction is general, both at law and in equity (Code, § 217), the actual distinction is merely as to the form of trial which is to result in the judgment of the court. Where a cause apparently of an equitable character, and as such brought to trial, develops upon the proof into an action solely at common law, within the pleadings, the court may not render judgment without a jury, as against the adverse party's demand for a jury trial. The proper procedure in such a case would require that the cause be transferred to the common-law side of the court for trial in due form, but the mere failure of an equitable cause of action does not defeat the right to judgment upon a cause of action at law, within the scope of the allegations. Sternberger v. McGovern, 56 N. Y. 12, 21; Beck v. Allison, Id. 366; Hawes v. Dobbs, 137 N. Y. 465, 33 N. E. 560; Dudley v. Congregation Third Order St. Francis, 138 N. Y. 460, 34 N. E. 281. Therefore, in my personal view, the conclusion would be that the motion for the dismissal of the complaint could not be urged as a matter of right, and that the failure to move for a trial of the issues by a jury, after the character of the action became apparent, imported a consent by the defendant that these issues be determined by the court without a jury. The motion to dismiss was directed to the power of the court to render judgment in the cause, and did not suffice to raise the question as to the form of the trial. As I have said, the court generally had jurisdiction to grant the proper form of judgment, and, in the absence of objection to the form of the trial, I think that the cause might well be viewed as

properly before me, taken as an action solely for common-law relief. However, I am bound by the authority of Weyer v. Beach, wherein it appears to have been held that the trial court has no power to consider the pleadings and the proof, or to view any issue as raised for determination, where the action is framed as for foreclosure of a mechanic's lien, and the proof does not authorize the particular form of judgment which the statute empowers the court, sitting as a court of equity, to grant. Judgment accordingly.