(75 App. Div. 66.)

## LICHTENSTEIN v. RABOLINSKY.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. WRITTEN CONTRACT—PAROL EVIDENCE TO VARY.

A letter written by the seller of goods to the purchaser on the day of the sale, acknowledging the sale, and asking a confirmation by the purchaser, and an answer on the following day confirming the purchase, do not constitute a written contract which cannot be varied by evidence of an oral warranty, but are merely memoranda of a past contract.

2. SALES·—WARRANTY—BREACH—ACCEPTANCE.

A car load of busheling scrap was sold under a warranty, the breach of which, though patent, was not discovered on delivery, by reason of the failure of the purchaser to inspect, though he had an opportunity so to do. *Held*, that it could not be said, as a matter of law, in the absence of evidence of the nature of the warranty, that the acceptance of the goods precluded a recovery for breach of the warranty.

3. SAME—OFFER TO RETURN GOODS.

The acts of a purchaser and seller of goods sold under warranty, in negotiations concerning the sale, which resulted in the seller's final refusal to have anything further to do with the matter, were a waiver of any right of the seller to require the purchaser to return the goods purchased, on the discovery of a breach of warranty.

4. SAME.

The purchaser of goods under an express warranty is not precluded from recovering for a breach of the warranty by his failure to offer to return the goods.

Appeal from trial term, Erie county.

Action by Meyer Lichtenstein against Harry Rabolinsky for breach of warranty. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

August Becker, for appellant.

Eugene Warner, for respondent.

HISCOCK, J. We think that the judgment appealed from should be reversed. This action was brought to recover damages for an alleged breach of warranty by defendant upon the sale by him to plaintiff of a car load of "busheling scrap." The evidence, so far as admitted, disclosed that the parties entered into a verbal contract by which the defendant was to sell and deliver to plaintiff on board the cars at Buffalo a car load of said scrap at a certain price. Part of the purchase price was paid before the delivery, and the balance upon the date of delivery. After defendant had caused the car to be loaded, and while it was somewhere in the yard at Buffalo, he brought and gave to plaintiff a bill of lading therefor. The plaintiff, without inspecting the scrap at all, caused the car to be reshipped and forwarded to some customer of his in another state, and he did not discover the alleged defects in quality until some time thereafter. After this alleged inferiority was discovered, there was more or less negotiation between the parties with reference to procuring somebody who would accept the material in question and pay a satisfactory

¶ 1. See Evidence, vol. 20, Cent. Dig. § 1758.

price therefor, and some talk by plaintiff about returning the car. The joint efforts of the parties to effect a disposition of the material, however, failed, and defendant finally refused to have anything more to do with the matter. After the parties had made their verbal contract, two letters passed between them. The first was written by the defendant upon the day the contract was made, and read as follows:

"We acknowledge sale to you this day of one car busheling, for thirteen ($13.00) dollars per net ton, and shall be glad to have your confirmation of your said purchase. Delivery at once."

The other letter was written the following day by the plaintiff, and read as follows:

"This confirms purchase made Jan. 15th, 1900, by Mr. M. Lichtenstein of Mr. Harry Rabolinsky of one car load of busheling scrap at $13.00 net ton, delivered on cars. Hoping this is satisfactory, we remain," etc.

When upon the trial the plaintiff endeavored to prove, as part of the oral contract between the parties, an express warranty as to the quality of the scrap to be delivered, and which warranty, it was claimed, called for a very much better grade of material than was delivered, the court refused to receive such evidence upon the ground that the letters above quoted constituted a written contract between the parties, and that the evidence of express warranty sought to be introduced would contradict or vary such written contract. Plaintiff was not allowed to introduce the evidence, and the dismissal of his complaint quite logically and naturally followed such ruling. We think that the learned trial justice committed error in making the ruling in question. We do not feel called upon to discuss the proposition urged upon our attention that evidence of such warranty would have been competent even if the letters in · question constituted a written contract between the parties, as proving a collateral or supplemental agreement which would not contradict or vary the written contract. We reach the conclusion that the letters in question were not intended to, and did not, constitute a complete written contract, fixing and governing the rights of the parties. We think it appears upon their face that they were written, rather, for the purpose of merely evidencing and confirming the terms of a prior completed parol contract. It would be perfectly proper for parties who had made a parol contract to give some written memorandum which should be evidence that it had been made, and of its terms, and which memorandum still should not take the place, as a written contract, of the one which had been made by parol. We think it was the intention of the parties thus to do. They naturally may have desired some acknowledgment in writing of the terms of the contract which they had made for the purchase and sale of this car load of scrap, and therefore we find the defendant by his letter acknowledging a sale to plaintiff, and plaintiff by his letter confirming a purchase made by him, and both letters speaking of a contract and bargain which had already been made in the past. Brigg v. Hilton, 99 N. Y. 517, 526, 3 N. E. 51, 52 Am. Rep. 63.

It is urged by respondent that, even if plaintiff had been allowed

to prove an express warranty, he could not have recovered, because the defects in the material sold were patent, and he had an opportunity for inspection before acceptance of the goods. Concededly plaintiff did not know of the alleged inferiority of the merchandise purchased until after delivery. Under all of the circumstances disclosed, we do not feel inclined, in advance of evidence showing just what the alleged warranty was, to hold, as matter of law, that it did not survive acceptance. That question, if it arises again, will be more appropriately decided when the parties have introduced their evidence in full.

It is still further urged that, after discovery of the defects, plaintiff did not make an unconditional offer to return the property purchased. We think it might be held that the negotiations between the parties, and defendant's final refusal to have anything more to do with the matter, operated as a waiver of such tender, even if otherwise necessary. It is, however, too well settled to require discussion that a party purchasing goods under an express warranty, if the goods are defective, may rely upon his contract, and not offer to return the articles purchased. The judgment appealed from should be reversed, and a new trial had, with costs to appellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur.