(82 Misc. Rep. 431.)

### LOVELL v. ALTON.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. EVIDENCE (§ 442*)—PAROL EVIDENCE—SUPPLEMENTING WRITTEN CONTRACT —ORDER FOR GOODS.

Where coal was purchased upon a written order given by the buyer but not accepted in writing by the seller, and the order did not in express terms contain any warranty, parol evidence was admissible to show that the coal was warranted to be of a particular quality.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1897; Dec. Dig. § 442.*]

2. EVIDENCE (§ 417*)—PAROL EVIDENCE—ORAL CONTRACT REDUCED TO WRITING.

Where the original contract is oral and entire and part only is reduced to writing, parol evidence is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 417.*]

Appeal from City Court of New York, Trial Term.

Action by Leander D. Lovell against Lee T. Alton. Judgment for the plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·Leo Oppenheimer, of New York City, for appellant.·
Arthur Lovell, of New York City, for respondent.

GUY, J. The action is brought to recover for coal sold and delivered. The defense was a breach of a warranty that the coal agreed to be delivered was Scranton coal, and the coal actually delivered was Wilkesbarre coal, an inferior grade; also, that it was adulterated and mingled with stone and slate. There was also a counterclaim for breach of the warranty.

The coal was purchased as the result of a written order of the defendant, which was not accepted in writing by plaintiff. The order did not in express terms contain any warranty. The trial justice excluded all proof of the warranty alleged in the answer, defendant excepting, and instructed the jury that the law implies a warranty that the coal was good, merchantable coal that would burn. So much of defendant's proof as was admitted showed that the coal was not Scranton coal; that it was mixed up with dirt, stone, and slate; defendant testified that of every 1,000 pounds of one lot it burned, 750 pounds of slate, dirt, stone, and ashes would be left behind. Defendant claimed that only 25 per cent. of it burned. Proof as to how little heat it produced was excluded; defendant excepting. Proof of an analysis of it by a practical, though not a graduated, chemist, was excluded; defendant excepting. Proof by an analytical chemist and fuel engineer that it was 20 per cent. deficient in heating power was received.

[1] A written order for goods, which does not contain the complete contract, permits parol proof of a warranty as to quality. Brigg v. Hilton, 99 N. Y. 517, 526, 527, 3 N. E. 51, 52 Am. Rep. 63; Lichtenstein v. Rabolinsky, 75 App. Div. 66, 68, 77 N. Y. Supp. 792; Guttentag v. Whitney, 79 App. Div. 596, 599, 600, 80 N. Y. Supp. 435.·

[2] Where the original contract is oral and entire, and part only is reduced to writing, parol evidence is admissible. Chapin, v. Dobson, 78 N. Y. 74, 79, 34 Am. Rep. 512; Routledge v. Worthington Co., 119 N. Y. 592, 596–598, 23 N. E. 1111.

The cases cited by the respondent are cases where the writing contained the entire contract. In the bought and sold note cases which respondent especially relies on, the entire contract is contained in the note.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.