FRANK B. HAWKINS et al., Respondents, *v.* MAPES-REEVE CONSTRUCTION COMPANY, Defendant, and AMERICAN BONDING AND TRUST COMPANY OF BALTIMORE CITY, Appellant.

1. NEW YORK (CITY OF) — MECHANIC'S LIEN UPON GOUVERNEUR HOSPITAL — WHAT IS SUFFICIENT SERVICE OF NOTICE OF, UNDER LIEN LAW (L. 1897, CH. 418, § 12). Under the Lien Law (L. 1897, ch. 418, § 12) a notice of mechanic's lien against an addition to Gouverneur Hospital in the city of New York, authorized to be erected by the commissioners of the sinking fund (L. 1894, ch. 703, amd. L. 1895, ch. 389), filed with the comptroller, who was not only the chief financial officer of the city, but was also a commissioner of the sinking fund, is, in the absence of statutory or record evidence that there was a regular official head to that body, a valid service upon the board.

2. SAME — NON-JOINDER OF PARTIES DEFENDANT. A plea of non-joinder of proper parties defendant without pointing out the precise defect or bringing the matter to the attention of the trial court, or showing that a complete determination of the controversy cannot be had without the presence of an additional party, is ineffectual.

3. TRANSFER OF INTEREST PENDENTE LITE — CODE CIV. PRO. § 756. Where a contract to furnish labor and material has been transferred by an assignment which is to become absolute only upon certain contingencies which do not eventuate until after the commencement, by the assignor, of an action growing out of the contract, he may, under section 756 of the Code of Civil Procedure, continue the action unless the court directs the substitution or joinder of the assignee as a party.

*Hawkins* v. *Mapes-Reeve Construction Co.*, 82 App. Div. 72, affirmed.

(Argued March 18, 1904; decided April 8, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May

11, 1903, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William F. Kimber* and *Charles De Hart Brower* for appellant.   The notice of lien was improperly filed, and there can be no recovery against the surety.   (*Bell* v. *Mayor, etc.*, 105 N. Y. 139; *Y. P. Co.* v. *Bd. of Education*, 15 Misc. Rep. 58; *Foster* v. *Schneider*, 50 Hun, 151; *Davidsburgh* v. *K., etc., Co.*, 90 N. Y. 526; *Morton* v. *Tucker*, 145 N. Y. 244; *Ringle* v. *Mathieson*, 10 App. Div. 274; 17 App. Div. 374; *Ward* v. *Kilpatrick*, 85 N. Y. 413; *White* v. *Livingston*, 69 App. Div. 361; *Breen* v. *Lennon*, 10 App. Div. 361; *Raven* v. *Smith*, 76 Hun, 60.)   The city of New York was a necessary party defendant.   (*Garland* v. *Van Rensselaer*, 71 Hun, 2; *Von Den Driesch* v. *Rohrig*, 45 App. Div. 526; *Brandt* v. *Radley*, 23 N. Y. Supp. 277; *Morton* v. *Tucker*, 145 N. Y. 244; *Sheffield* v. *Robinson*, 73 Hun, 173; *Parson* v. *Moses*, 40 App. Div. 58; *S. C. Co.* v. *Arnott*, 152 N. Y. 584; *Davidsburgh* v. *K., etc., Co.*, 90 N. Y. 526.)   Plaintiffs' lien never attached by reason of assignment of claim. (*Rollins* v. *Cross*, 45 N. Y. 771; *Roberts* v. *Fowler*, 3 E. D. Smith, 632; *Ogden* v. *Alexander*, 140 N. Y. 356; *Brown* v. *Powers*, 53 App. Div. 251; *Hayes* v. *Hathorn*, 74 N. Y. 486; *Sheridan* v. *Mayor, etc.*, 68 N. Y. 30; *Considerant* v. *Brisbane*, 22 N. Y. 389; *Cummings* v. *Morris*, 25 N. Y. 625; *Allen* v. *Brown*, 44 N. Y. 228; *Meeker* v. *Claghorn*, 44 N. Y. 349.)

*Leo Everett* and *Charles M. Hough* for respondents.   The notice of lien was properly filed.   (*Bell* v. *Mayor, etc.*, 105 N. Y. 139; *Mahley* v. *German Bank*, 174 N. Y. 499; *McDonald* v. *Mayor, etc.*, 170 N. Y. 409; *U. S. Works* v. *Klingman*, 20 App. Div. 449; 164 N. Y. 589; *Sage* v. *Stafford*, 42 App. Div. 449; *Reeves* v. *Seitz*, 47 App. Div. 267.) There is no defect or misjoinder of parties defendant.   (Code

Civ. Pro. §§ 490, 498.)    The plaintiffs were the real parties in interest.    (Code Civ. Pro. § 756.)

WERNER, J.    The plaintiffs, as sub-contractors under the Mapes-Reeve Construction Company, agreed to furnish all the materials and labor for the iron and steel work that was to go into an addition to Gouverneur Hospital, in the city of New York, at the price of $13,400.    It is conceded that this sub-contract was never fully performed by the plaintiffs, but they claim that it was unjustifiably terminated by the Mapes-Reeve Construction Company, while the latter contends that the plaintiffs abandoned the work without cause.    The plaintiffs filed a notice of lien which was later discharged upon the giving of an undertaking for that purpose by the defendant American Bonding and Trust Company.

At Special Term it was held upon conflicting evidence that the Mapes-Reeve Company was at fault in refusing to make payments to plaintiffs as they became due, and in neglecting to provide them with the detail drawings necessary to enable them to complete the work.    This finding of fact was followed by the legal conclusion that the plaintiffs were entitled to judgment for the sum of $2,963.15, with interest and costs. The judgment entered upon this decision was affirmed at the Appellate Division by a divided court.    Having ascertained from the record that there is some evidence to support the findings of fact made at Special Term, we have reached the limit of our power to investigate the facts.    The question whether there is any evidence to support a finding of fact is one of law reviewable by this court.    When there is such evidence the question is no longer one of law, and the decision of the courts below upon the facts is final even though it may be erroneous.    (*Ostrom* v. *Greene,* 161 N. Y. 353.)

There are other questions of law presented for our consideration, however, which we have jurisdiction to review and these we will briefly discuss.

1. The American Bonding and Trust Company, which alone has appealed from the judgment below, contends that

there should have been no recovery against it because plaintiffs' notice of lien was improperly filed. At Special Term it was held that the lien was properly filed. At the Appellate Division the contrary view was taken, but the judgment for the plaintiffs was upheld (a) under section 3412 of the Code of Civil Procedure which provides, in substance, that if a lienor shall fail for any reason to establish a valid lien, he may recover judgment in an action to enforce or foreclose a mechanic's lien against any party to the action for any sum that he might recover in an action on contract, and (b) that the bond given by the appellant surety company was broad enough to secure the payment of such a judgment.

In determining whether plaintiffs' notice of lien was properly filed, two considerations are to be borne in mind. The first is that the statute (Ch. 703, L. 1894; amended, ch. 399, L. 1895) authorizing the addition to Gouverneur Hospital, for which the plaintiffs' labor and materials were furnished, does not clearly designate any board, body or official as having charge of the work and it is, therefore, difficult if not impossible to decide with whom the notice of lien was to be filed; the second is that the Lien Law is to be construed liberally to secure the beneficial interests and purposes thereof, and that a substantial compliance with its terms shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same. (Sec. 22, ch. 418, L. 1897.)

Under the statute providing for the erection of an addition to Gouverneur Hospital, the commissioners of the sinking fund were authorized and directed, when required by the board of estimate and apportionment, to set apart a portion of Gouverneur slip and to erect thereon an addition to Gouverneur Hospital. The commissioners of the sinking fund were empowered to employ an architect and to make contracts, but the work was to be done under the supervision of the superintendent of public works of the city of New York. The latter was to certify to the commissioners of the sinking fund any contractor's delay or abandonment of work, and any willful violation of the contract, and in such case the said com-

missioners were required to give notice to the sureties of the defaulting contractor, to the end that the work should either be properly and expeditiously proceeded with by the con-tractor, or completed by the commissioner of public works with the consent of the commissioners of the sinking fund, according to the contingencies specified in the statute.

Section 204 of the charter of New York city designates as commissioners of the sinking fund, the mayor, comptroller, chamberlain, president of the council and chairman of the finance committee of the board of aldermen, but it does not specify how the board of commissioners of the sinking fund shall be organized, and the only provision of the charter that seems to be germane to the subject is section 1541 which, in the absence of any other specific charter provision, permits each municipal board to choose a president, treasurer and chief clerk or secretary.

Section 12 of the Lien Law (Ch. 418, L. 97) relating to public improvements, directs that notice of lien shall be filed with the head of the department or bureau having charge of the construction of any municipal improvement, and with the financial officer of the municipality.

Plaintiffs' lien was filed with the comptroller, who is con-cededly the chief financial officer of the city, and with the president of the department of charities.  As the department of charities seems to have had nothing whatever to do with the construction of this public work, it is obvious that the fil-ing of a notice of lien with the president of that body was a nullity.  But the comptroller, in addition to being the chief financial officer of the city, was also a member of the board of commissioners of the sinking fund and, in the absence of statutory or record evidence that there was a regular official head to that body, we think service upon the comptroller as a member thereof was service upon the board.  It is to be observed that the statutes of 1894 and 1895, authorizing the construction of the public improvement upon which plain-tiffs' work was done, when read in connection with the sec-tion (12) of the Lien Law, which specifies the method of

1904.]        Hawkins v. Mapes-Reeve Const. Co.        241

N. Y. Rep.]        Opinion of the Court, per Werner, J.

serving a notice of lien upon a municipality, show that it is by no means clear just how a notice of lien is to be served in a case like the one at bar. Under these circumstances, and in view of the liberal construction of the Lien Law provided for in section 22 thereof, we think it must be held that the plaintiffs' notice of lien was properly filed, and to that extent we feel constrained to disagree with the learned Appellate Division. In this view of the case it is unnecessary to determine whether the court below properly invoked section 3412 of the Code of Civil Procedure in support of plaintiffs' judgment, or whether the bond of the appellant would be broad enough to secure the payment of the judgment herein if the lien were held to be invalid.

2. The appellant, in its supplemental answer to the complaint, pleaded a non-joinder of proper parties defendant; and it now urges that the city of New York was a necessary party defendant. It is true that, under subdivision 3 of section 3402 of the Code of Civil Procedure, the city of New York, as owner of the property against which the lien was filed, was a necessary party defendant, but it does not follow that the omission to make it a party is fatal to the judgment. The answer does not point out the precise defect of parties, as seems to be required by sections 488, 490 and 498 of the Code of Civil Procedure, and it does not appear to have been brought to the attention of the court during the progress of the trial. Neither was it shown that the city of New York had any such interest in the trial that without its presence as a party a complete determination of the controversy could not be had, as was the case in *Steinbach* v. *Prudential Ins. Co.* (172 N. Y. 472), and, under these circumstances, we think the court below properly held that the appellant's plea of non-joinder of parties was ineffectual.

3. The appellant makes the further objection that the plaintiffs are not the real parties in interest. This objection is pleaded in its answer, and is predicated upon the fact that prior to the filing of their lien the plaintiffs assigned their contract to the Phœnix Iron Company as collateral security

for materials to be furnished by the latter to be used on the building against which the lien was subsequently filed. A contemporaneous agreement made between the plaintiffs and the Phœnix Iron Company shows that the assignment was to become absolute only upon the happening of certain contingencies which did not eventuate until after the commencement of this action, when the plaintiffs executed a further transfer to the same assignee, of the cause of action set forth in the complaint. This brings the case within the purview of section 756 of the Code of Civil Procedure, which provides that " in case of a transfer of interest or devolution of liability (*pendente lite*) the action may be continued by or against the original party," unless the court directs the transferee, etc., to be substituted or joined as a party.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, MARTIN and CULLEN, JJ., concur.

Judgment affirmed.