chosen, nor that the assessment roll was not made, deposited, complaints heard after due notice given, roll verified and filed, all as required by the Village Law (Consol. Laws 1909, c. 64). Adopting an improper method of determining the value of relator's property, assessing it at a higher proportionate valuation than other property on the roll or omitting to assess personal property of which the assessors may have had knowledge would render the assessment unequal and erroneous, but would not render the assessment illegal. The court should not therefore have ordered the assessment stricken from the roll, but should have corrected the present assessment in case the proofs taken by the court or by a referee appointed for that purpose required it. People ex rel. Manhattan Ry. Co. v. Barker, 146 N. Y. 304, 40 N. E. 996; People ex rel. Broadway R. Co. v. Feitner, 61 App. Div. 156, 70 N. Y. Supp. 452, affirmed 168 N. Y. 661, 61 N. E. 1132; People ex rel. Thomson v. Feitner, 168 N. Y. 441, 61 N. E. 763.

The order of the Special Term should be reversed, with costs to the appellant to abide the event, and the matter remitted to the Special Term to determine the issues raised by the petition and return. All concur.

(155 App. Div. 501.)

### DI MENNA v. COOPER & EVANS CO. et al.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

JURY (§ 14*)—JURY TRIAL.

    In an action for the foreclosure of a mechanic's lien, where a personal judgment was asked in case of a deficiency, plaintiff, who denied the counterclaim set up by defendant, was entitled to a jury trial under Code Civ. Proc. § 3412, not only on the issues raised by the counterclaim, but as to whether he was entitled to a personal judgment in case the lien should fail.

    [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 40–60, 66–83; Dec. Dig. § 14.*]

Appeal from Special Term, New York County.

Action by Michael Di Menna against the Cooper & Evans Company and others. From an order denying his motion to settle issues for a trial by jury, plaintiff appeals. Reversed and motion granted.

See, also, 109 N. Y. Supp. 1032.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arnold Lichtig, of New York City, for appellant.

George E. Miner, of New York City, for respondents.

McLAUGHLIN, J. Action to foreclose a mechanic's municipal lien. The complaint, in addition to seeking a foreclosure of the lien, asked, in case of a deficiency, that the plaintiff have a personal judgment against the respondent. The answer of the respondent denied the validity of the lien, the amount due, and set up a counterclaim for which judgment was demanded in the sum of $11,671.41, for damages caused by plaintiff's alleged failure to complete his contract. Plaintiff

---

replied to the counterclaim, and denied its material allegations. After issue had been joined, and before the cause was noticed for trial, the plaintiff moved to settle the issues for trial by a jury. The motion was denied, and he appeals from the order.

The plaintiff was entitled to a trial by jury if he so desired. Section 3412, Code of Civil Procedure. Any doubt which theretofore existed as to such right was settled by this court in Hawkins v. Mapes-Reeve Construction Co., 82 App. Div. 72, 81 N. Y. Supp. 794, affirmed 178 N. Y. 236, 70 N. E. 783. If the lien should fail, but he should otherwise establish the cause of action alleged, he would be entitled to a personal judgment. The practice to be followed in obtaining a trial by jury was pointed out in the Hawkins Case. The rule there laid down was followed in the present case. See, also, Steuerwald v. Gill, 85 App. Div. 605, 83 N. Y. Supp. 396; Schwarts v. Klar, 144 App. Div. 37, 128 N. Y. Supp. 830.

Plaintiff was not only entitled to have a jury trial as to whether he was entitled to a personal judgment in case his lien should fail, but also upon the issue raised by the reply to the counterclaim.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Settle order on notice when issues will be framed. All concur.