(93 Misc. Rep. 635)

## GENERAL FIREPROOFING CO. v. KEEPSDRY CONST. CO. et al.

### (Supreme Court, Trial Term, Albany County.  February, 1916.)

STATES ☞108½—MECHANICS' LIENS—ASSIGNMENTS—FILING.

Under Lien Law (Consol. Laws, c. 33) § 16, providing that no assignment of a contract for labor or materials for a public improvement, or the money due therefor, shall be valid unless filed with the head of the department having charge of such construction, and with the financial officer charged with the disbursement of the funds, where the assignee of claims for money due under a contract for improvements in the state capitol made duplicate copies of the assignment, and filed one in the state comptroller's office and took the other to the office of the state architect, where it was examined by his assistant secretary, who, after having it in his possession for several hours, handed it back, the assignment will not be held invalid, as against those who subsequently filed claims of lien, on account of failure to retain the duplicate in the office of the state architect, in view of section 23, providing that a substantial compliance with the provisions of the law shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce it.

[Ed. Note.—For other cases, see States, Dec. Dig. ☞108½.]

Action by the General Fireproofing Company against the Keepsdry Construction Company and others for the foreclosure of mechanics' liens.  Judgment entered.

Eidlitz & Hulse, of New York City (W. W. Robison, of New York City, and Charles J. Herrick, of Albany, of counsel), for plaintiff.

Tracey, Cooper & Townsend, of Albany, for defendant New York State Nat. Bank.

Keeshan & Sleicher, of Albany, for defendant Hobbs.

J. P. Coughlin, of Albany, for defendant Albany Builders' Supply Co.

E. E. Woodbury, Atty. Gen. (Edward A. Gifford, Deputy Atty. Gen.), for the State.

RUDD, J.   This action, tried before the court without a jury, is brought for the foreclosure of certain mechanics' liens filed against moneys due on a contract for a public improvement, consisting of the furnishing and equipment of the record and document rooms of the assembly chamber in the capitol.

The trustees of public buildings of the state of New York, acting for the state, entered into a contract with the Keepsdry Construction Company for the sum of $13,800.  The work has been completed and accepted, and the state architect has filed with the comptroller of the state a certificate of completion, which shows that there is due from the state now unpaid the sum of $7,275.

The plaintiff, the General Fireproofing Company, entered into a contract with the Keepsdry Construction Company for the doing of certain work as a subcontractor, and it is admitted that the plaintiff performed its contract and that there is due to the plaintiff from the

original contractor the sum of $9,650. A lien was filed by plaintiff for that amount. The defendant Albany Builders' Supply Company filed a lien February 3, 1915, for the sum of $69.63. The defendant Edward R. Hobbs filed a lien February 4, 1915, for $1,070.

There arises a serious question between the plaintiff, lienor, and the defendant the New York State National Bank. The bank has an assignment from the Keepsdry Construction Company of that company's right "to compensation under and by virtue of the contract aforesaid," referring to the contract between the people of the state of New York and the Keepsdry Construction Company. The assignment to the bank was made prior to the filing of any of the notices of lien, and was filed in the office of the state comptroller before the plaintiff's notice of lien, and before either of the defendants' notices of lien.

Under the assignment mentioned the bank loaned to the Keepsdry Construction Company an amount of money which at the date of this trial amounted to $5,021.35. The plaintiff is a junior lienor and proved a claim of $9,650. The defendant Albany Builders' Supply Company is the first lienor, and proved its lien of $69.63. The defendant Edward R. Hobbs proved a lien of $1,070.

. The bank claims that its assignment of the contract which it holds, because it was filed in the state comptroller's office prior to the filing of any of the notices of lien, is superior to any and all of the mechanics' liens. The plaintiff contends that the assignment to the bank is not valid as against the plaintiff because the assignment was not filed in the department of architecture as required by the statute. All of the liens involved were protected by notices thereof being filed in both the state comptroller's office and the state architect's office.

As to the requirements of the statute with reference to the filing of an assignment of a contract, section 16 of the Lien Law is:

"No assignment of a contract for the performance of labor or the furnishing of materials for a public improvement, or of the money, or any part thereof, due, or to become due, therefor, nor any order drawn by the contractor or subcontractor upon the municipal corporation, or the head of the department or bureau having charge of the construction of such public improvement, or the financial officer of the municipal corporation, or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, shall be valid until such assignment or order, or a copy thereof, be filed with the head of the department or bureau having charge of such construction, and with the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, and such assignment or order shall have effect and be enforceable from the time of such filing. The financial officer of the municipal corporation, or other officer or person with whom the assignment or order, or copy thereof, is filed, shall enter the facts relating to the same in the lien book or other book provided for such purpose."

"The head of the department or bureau having charge of such construction" as was involved in the contract assigned to the bank was clearly the state architect. Liens should therefore, it is claimed, have been filed in the office of the state comptroller and in the office of the state architect. Although the contract was made by the people, acting

through the trustees of public buildings, there is no provision of law requiring lienors to file notices of liens with the trustees of public buildings. No lien docket is kept by the trustees, showing notices of liens or assignments of contracts, and there is no provision of law requiring the keeping of such a docket.

Certain objections to the validity of plaintiff's lien are taken by the defendant bank. First, that plaintiff's lien "grossly overestimates the amount due and falsely states the whole amount as past due." Upon this objection our attention is called to the case of Aeschlimann v. Presbyterian Hospital, 165 N. Y. 296, 59 N. E. 148, 80 Am. St. Rep. 723. In giving expression to the unanimous view of the court in this case Judge Martin said:

"In discussing the question in that case [Ringle v. Wallis Iron Works, 149 N. Y. 439, 44 N. E. 175], it was in effect said that if a party, by inserting in a notice of mechanic's lien statements of fact which are shown to be untrue, thereby forfeits the right to a lien and renders the notice void or ineffectual, a proper construction of the statute requires that statements to have that effect must not only be untrue, but must be willfully and intentionally false in some important or material respect."

There is not here in the plaintiff's notice of lien filed such a deliberate misstatement of the condition of the work and the amount remaining to be done as to bring this notice of lien under the authority to which our attention has been called. The lien of plaintiff was continued by an order of the court. The court has held that the terms "principal office" and "principal place of business" are synonymous.

The objection to this lien on the ground of failure to state the residence of lienors is in our opinion unsubstantial. In fact, all of these alleged weaknesses are not of such a nature and character, in view of the provisions of section 23 of the Lien Law, which in effect requires the court to give a liberal construction to the statute in order that the beneficial interests and purposes thereof may result, as would justify the finding that plaintiff's notice of lien was defective.

Section 23 further provides:

"A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same."

If the provisions of this section apply for the benefit of the plaintiff in sustaining the validity of its lien, they also with equal force apply in the consideration of the interesting question arising as to the assignment held by the defendant bank, growing out of the alleged failure to file the assignment with the state architect as the officer having charge of the execution of the contract out of which the liens arise. The instrument of assignment, consented to by the Governor and the speaker of the house, and bearing the evidence of such consent, and approved as to form by the Attorney General, was filed with the state comptroller prior to the filing of any of the notices of lien.

The instrument of assignment was executed in duplicate. These instruments of assignments were taken to the office of the state architect by the president of the company, Mr. Plass, examined by the assistant secretary of the state architect, who in fact obtained the written ap-

proval by the Governor and by the speaker of the house and the Attorney General, and who told Mr. Plass that one of these duplicates should be filed with the state comptroller, and instead of keeping the other duplicate, after having it in his possession at least for several hours, the assistant secretary later in the day handed it back to Mr. Plass, who went away with it, and, thus failing to leave it in the office of the state architect, it is claimed it has never been filed therein.

The instrument of assignment should have been kept by the assistant secretary, who knew that the secretary of the state architect officially cared for papers of this nature. It was not the fault of the company making the assignment, who desired to do what was necessary to be done to secure the bank for moneys loaned or to be loaned on the strength of the assignment, and the bank should not in justice be made to suffer, particularly when the assignment was filed in the office of the chief fiscal officer, the state comptroller, before any liens were filed. This is particularly true when it can be said that no advantage, unfair or otherwise, has been or could be taken as against the interest of subsequent lienors.

Section 16 of the Lien Law provides for the filing of assignments of contracts and orders for public improvement. It provides, in effect, that no such assignment shall be valid until such assignment shall be filed with the head of the department having charge of such construction (in this case the state architect) and with the financial officer of the municipal corporation charged with the disbursement of the corporate funds applicable to the contract for such public improvement. Such assignment shall be enforceable from such filing.

The financial officer (here the state comptroller) with whom the assignment is filed shall enter the facts relating to the same in the lien book. This financial officer is charged alone with the duty of making such record as will give notice to subsequent assignees or lienors of the priority of the assignment first recorded. This is the part of the statutory requirement which notifies and protects those who have dealings with the contractor, indicating clearly that the filing with the comptroller is not alone for his information in connection with the disbursing of the public funds, but is for the information of such of the public as may be interested. This filing is for an entirely different purpose from that required in connection with the state architect. With him it evidently is done for his information.

The assignment here to the bank was filed with the comptroller, it was entered upon the docket, it became a notice to all subsequent lienors including the plaintiff, it took precedence over all, and the duplicate assignment was taken to the office of the state architect, was received by the assistant secretary, and by him was handed back to the president of the company making the assignment. As to why it was handed back, instead of being placed upon file, we are not enlightened. It might have been through ignorance on the part of the person receiving the instrument, or it might have been done in a moment of thoughtlessness, for neither of which the bank should here and now be held responsible.

The assignment was approved by the trustees of public buildings, and

as to form by the Attorney General, and, as evidenced by the stamp, it has been officially in the possession of the board of trustees, who some might have concluded was the department having charge of the work. The contractor is given by law the right to assign to his creditor in payment of his debts the whole or any portion of the moneys due or to become due under the contract, and the assignee thus acquires a preference over a subsequent lienor. This is equitable, and should not be overcome or defeated in the interests of the subsequent lienor through the merest technicality, which in no way involves the public interests and which has not, by what has been done or left undone, misled the lienors or induced them to enter into obligations which otherwise would have been avoided.

Parties have been excused from an actual compliance in every particular with the provisions of the statute as to filing of notices of liens by decisions of the court, which seem to show that parties will not be held to a strictly statutory requirement where it is evident that the parties have endeavored to comply with the provisions of the statute and at the same time have not shown that there was an effort or desire to mislead or to secure an undue advantage. Hawkins v. Mapes-Reeve Const. Co., 178 N. Y. 236, 70 N. E. 783; Smith v. City of New York, 32 Misc. Rep. 380, 382, 66 N. Y. Supp. 686.

The bank's assignment was evidently presented to the office, if there is one, of the board of trustees of public buildings, for it bears the stamp of that body, and it certainly was presented to the office of the state architect, and was in the physical possession of the assistant secretary of that officer. It is fair to assume that the assistant secretary is charged with the responsibility of acting as secretary, or for the secretary, in his absence, and he should be, of course, presumed to know the provisions of the law which require, as he must have known, a filing in his office as well as the filing concerning which he gave information in the office of the state comptroller.

The advantage and security provided by the contractor in good faith, and relied upon by the bank, under which cash was loaned by the bank for the prosecution of the work under the contract, should not be destroyed by a holding that the assignment is invalid because it was not kept and retained in the office of the state architect. A judgment should be entered providing for payment by the state of the moneys now in hand applicable to the contract in question, first to the defendant bank as assignee, and to the several lienors in the order in which the liens were filed respectively.

Judgment accordingly.