MICHAEL DI MENNA, Respondent, *v.* COOPER & EVANS COMPANY, Appellant, Impleaded with Others.

Trial — mechanic's lien — where plaintiff seeks legal and equitable relief for same wrong his right to trial by jury is lost — evidence — when contract is silent upon question of payment for work oral evidence supplementing the writing may be received— agreement that paving contractor for city should have flagstones does not permit sub-contractor to keep them.

1. A plaintiff who seeks legal and equitable relief in respect of the same wrong thereby waives his right to trial by jury. Hence, where a sub-contractor in an action to foreclose a mechanic's lien asked and obtained a money judgment against the contractor, and an issue was directed by the court to be tried by a jury, a verdict in his favor is advisory, and the question of fact must be determined by the court.

2. The defendant in such an action setting up a counterclaim constituting an independent cause of action cannot be deprived of his right to a jury trial, and a verdict against him on the counterclaim is not advisory, but conclusive.

3. Where evidence is offered as to matters arising on account of work performed under a written contract which is silent upon the question of payment, and it appears both from the document and the concession of the opposing party that the writing was not intended as a complete statement of the contract, oral evidence as to terms of payment supplementing but not contradicting the writing is properly received.

4. Under an agreement between a contractor and a city that certain flagstones removed from the property affected by the contract

should become the property of the contractor, the flagstones do not, in the absence of an agreement or evidence of usage, become the property of the sub-contractor.

*Di Menna* v. *City of New York*, 163 App. Div. 948, modified.

(Submitted March 22, 1917; decided April 3, 1917.) ·

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 19, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George E. Miner* for appellant. This is an action in equity brought by plaintiff to enforce a mechanic's municipal lien, triable by the court without a jury, as to which the plaintiff had no right to a jury trial, except as to such special issues as the court might in its discretion frame and send to a jury, and the findings of the jury were merely advisory. Therefore, defendant did not have that form of trial of plaintiff's action which is secured to it under the laws of this state, and hence there was no warrant in law for the entry of the judgment upon the decision of the court at Special Term. (*Milliken* v. *City of New York*, 201 N. Y. 65; *Matter of Kings*, 168 N. Y. 53; *Kennedy* v. *Apgar*, 93 N. Y. 539; *Goodrich* v. *McDonald*, 112 N. Y. 157; *Schillinger Cement Co.* v. *Arnott*, 152 N. Y. 584; *Carroll* v. *Bullock*, 207 N. Y. 567; *Leonard* v. *Tillotson*, 97 N. Y. 1; *McClave* v. *Gibb*, 157 N. Y. 413.) The agreement between plaintiff and defendant evidenced by the written instrument dated February 1, 1910, constituted a complete and enforceable contract, and conclusively measured and determined the rights and obligations of the parties, and it could not be contradicted, modified or varied. (*Lese* v. *Lamprecht*, 196 N. Y. 32; *Allen* v. *City of Oneida*, 210 N. Y. 496; *Studwell* v. *Bush Co.*, 206 N. Y. 461.)

o

*Arnold Lichtig* for respondent.    The plaintiff was entitled to a trial by jury of the issues of fact framed by the Appellate Division and the court at Special Term was right in basing its judgment upon the verdict of the jury.   (*Burroughs* v. *Tostevan*, 75 N. Y. 567; *Weyer* v. *Beach*, 79 N. Y. 409; *Di Menna* v. *Cooper & Evans Co.*, 155 App. Div. 501; *Hawkins* v. *Mapes-Reeve Cons. Co.*, 82 App. Div. 72; *Steuerwald* v. *Gill*, 85 App. Div. 605; *Schilling, etc., Co.* v. *Arnott*, 14 N. Y. Supp. 326.) There was no violation of the rule against varying a written contract by parol.   (*Sattler* v. *Hallock*, 160 N. Y. 301; *Brigg* v. *Hilton*, 99 N. Y. 519; *Work* v. *Beach*, 13 N. Y. Supp. 678; 129 N. Y. 651; *Lichtenstein* v. *Rabolinsky*, 75 App. Div. 66; *Perry* v. *Bates*, 115 App. Div. 337; *Leary* v. *Moore*, 48 Misc. Rep. 551; *Ottman & Co.* v. *Martin*, 38 N. Y. Supp. 966; *Routledge* v. *Worthington Co.*, 119 N. Y. 592; *Chapin* v. *Dobson*, 78 N. Y. 74; *Juilliard* v. *Chaffee*, 92 N. Y. 529.)

Cardozo, J.   The action is brought to foreclose a mechanic's lien.   The plaintiff, a sub-contractor, furnished labor and materials to the defendant Cooper & Evans Company, which had a contract with the city of New York for a public improvement.   The complaint alleges that the defendant undertook to make advances to the plaintiff during the progress of the work; that it kept its promise for a time; but that in August, 1910, it refused to make further advances, discharged the plaintiff and terminated the contract.   The value of the labor and material supplied at that time, in excess of payments already received, is placed at $3,650.43.   Judgment is demanded that the plaintiff be declared to have a lien upon the moneys due to the contractor from the city of New York; that the lien be enforced, and "that the plaintiff have personal judgment against the defendant Cooper & Evans Company for the amount of his claim, together with interest and costs."   The city of New York,

which was joined as a defendant, served an answer which put in issue the existence of the lien. The contractor's answer denied the material allegations of the complaint, and set up a counterclaim in which it stated that the plaintiff had wrongfully abandoned the contract to the defendant's damage in the sum of $11,671.41. To this counterclaim the plaintiff made a reply which was in substance a general denial.

Upon these pleadings the plaintiff moved that issues be stated for trial by jury. The Special Term denied the motion, but the Appellate Division reversed (155 App. Div. 501). Its order directed that the following issues be tried by jury:

"1. Is the plaintiff entitled to a money judgment against the defendant, Cooper & Evans Company, and if so, for how much?

"2. Is the defendant Cooper & Evans Company entitled to a money judgment against the plaintiff, and if so, for how much?"

These issues were brought on for trial before Judge Nᴇᴡʙᴜʀɢᴇʀ and a jury. A special verdict was rendered by which it was found that the plaintiff was entitled to recover from Cooper & Evans Company $4,137.97, and that Cooper & Evans Company was not entitled to recover anything from the plaintiff. A motion to set aside the verdict was denied.

The plaintiff then brought on the remaining issues for trial at Special Term. He took the position that the jury's verdict was conclusive; the defendant took the position that it was merely advisory. The court accepted the former view. Upon proof of the verdict the conclusion was announced that the plaintiff must prevail. The court was asked by the contractor's counsel to determine the issues for itself, irrespective of the verdict. It refused to do so. It ruled, however, that there remained open the question of the existence of the lien. After that ruling the city of New York proved that the notice of

lien had been filed too late. This made it invalid, and so the court held. Equitable relief was accordingly refused, but the plaintiff was given a personal judgment against the contractor for the sum found due by the jury.

In determining the force to be attributed to the jury's verdict, the complaint and the counterclaim are to be distinguished.

We are unwilling to hold that the *plaintiff's* cause of action was triable by a jury as of right upon the plaintiff's demand. An action to foreclose a lien is one of equitable cognizance (*Kenney* v. *Apgar*, 93 N. Y. 539, 550; *Schillinger F. P. Cement A. Co.* v. *Arnott*, 152 N. Y. 584.) Until the enactment of recent statutes the rule was that if the plaintiff did not prove a lien, equity was without power to give judgment for the moneys due to him (*Burroughs* v. *Tostevan*, 75 N. Y. 567; *Weyer* v. *Beach*, 79 N. Y. 409). That rule has now been changed (Lien Law, § 54, formerly Code Civ. Pro. § 3412; *Bradley & Currier Co.* v. *Pacheteau*, 175 N. Y. 492; *Abbott* v. *Easton*, 195 N. Y. 372). The action may be retained, and common-law relief awarded. We do not doubt that a *defendant* by timely demand may preserve his right, in the event of failure of the lien, to trial by jury of the other issues (*Schwartz* v. *Klar*, 144 App. Div. 37, 42; *Hawkins* v. *Mapes-Reeve Const. Co.*, 82 App. Div. 72; 178 N. Y. 236; *Milliken Bros., Inc.,* v. *City of N. Y.*, 201 N. Y. 65; *Miller* v. *Ed. El. Ill. Co.*, 184 N. Y. 17, 27). The fact that the plaintiff has combined with a prayer for equitable relief an alternative claim for a money judgment, cannot deprive the defendant of the jury trial assured to him by the Constitution. But a different question is presented where it is the *plaintiff* who seeks a jury. The form of action in such a case is that of his own selection. The law does not require him to demand a personal judgment in the event of the failure of his lien. "It is intended to afford him a privilege — not to subject him to compulsion" (*Koeppel* v. *Macbeth*, 97

App. Div. 299, 301). If he takes advantage of that privilege, he elects that the whole controversy, in all its aspects, may be determined by the court. To hold otherwise would do violence to the plain purpose of the statute. One cannot be heard to urge as a breach of one's constitutional right the concession of a remedy which one has one's self demanded. The rule is fundamental that where a plaintiff seeks legal and equitable relief in respect of the same wrong, *his* right to trial by jury is lost. If any right remains, it is the right of the defendant (*Davison* v. *Associates of the Jersey Co.*, 71 N. Y. 333, 340; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319; *Carroll* v. *Bullock*, 207 N. Y. 567; *Brinckerhoff* v. *Bostwick*, 105 N. Y. 567, 572; *Mackellar* v. *Rogers*, 109 N. Y. 468, 473; *Wheelock* v. *Lee*, 74 N. Y. 495, 500; *Herrington* v. *Robertson*, 71 N. Y. 280, 283; *Miller* v. *Ed. El. Ill. Co.*, 184 N. Y. 17, 27; *McNulty* v. *Mt. Morris El. L. Co.*, 172 N. Y. 410). There is a dictum in the *Hawkins* case which suggests that either party may be entitled to have the issues framed (82 App. Div. 72, 78). No such question, however, was involved, for the claim to trial by jury was there made by the defendant. When the case came here, we were careful to state that we placed our affirmance on other grounds (178 N. Y. at p. 241; *Milliken Bros., Inc.*, v. *City of N. Y.*, *supra*). The question, therefore, is still an open one. We think our conclusion ought to be that as to the plaintiff's cause of action the jury's verdict was advisory (*Acker* v. *Leland*, 109 N. Y. 5; *Hammond* v. *Morgan*, 101 N. Y. 179; *Learned* v. *Tillotson*, 97 N. Y. 1; *McClave* v. *Gibb*, 157 N. Y. 413).

A different question arises when we come to the counterclaim. This was more than a counterclaim in name only (*Bennett* v. *Edison El. Ill. Co.*, 164 N. Y. 131). It was an independent cause of action, which, if sustained, would have given the defendant a judgment for upwards of $11,000. It was, therefore, triable by jury as of right (Code Civ. Pro. §§ 970, 974; *Deeves* v. *Met. Realty Co.*,

6 Misc. Rep. 91; affd. on opinion below, 141 N. Y. 587; *Cook* v. *Jenkins*, 79 N. Y. 575). As to that branch of the case the verdict was conclusive. It was conclusive that the plaintiff had not abandoned the contract without cause, and that the defendant was at fault in refusing to permit him to go on. All that was left for the plaintiff to prove was the value of the work and the order for some extra items.

In these circumstances the defendant's motion that the court determine the issues irrespective of the jury's verdict must be held to be too general to sustain the claim of error. There was no attempt to point out the minor issues that were still open. There was a general demand that the verdict be treated as advisory in its entirety. The court did not err in refusing to yield to that demand. No other exception is available to bring the question before us. We are not at liberty to look into the record to see whether apart from the verdict there is sufficient evidence either of the extra items or of value. The findings have been unanimously affirmed, and we must presume that the evidence sustains them (Const. art. 6, § 9; Code Civ. Pro. § 191, subd. 4).

There was no error in receiving evidence of the defendant's promise to make advances to the plaintiff during the progress of the work. We cannot say as matter of law that the letter of February 1, 1910, was intended as a complete statement of the contract. Its opening words suggest an earlier agreement by word of mouth. This suggestion is confirmed by the later course of dealing. Indeed, the defendant's president admitted upon the trial that the letter was silent as to terms of payment on which the parties had agreed. By concession, therefore, it does not cover the whole ground. If we view the document alone, the inference of finality is not so certain as to bar out all inquiry in respect of the purpose of the parties (Wigmore on Ev. § 2430). As soon as the inquiry is pursued, the defendant's concession of incompleteness

meets us, and the inference of finality is rebutted. In such circumstances oral evidence, supplementing but not contradicting the writing, was properly received (*Cooper v. Payne*, 186 N. Y. 334; *Lichtenstein* v. *Rabolinsky*, 75 App. Div. 66, 68; *Durkin* v. *Cobleigh*, 156 Mass. 108, 110; *Gould* v. *Boston Excelsior Co.*, 91 Me. 214, 220; Wigmore on Ev., *supra*).

One other question remains. The plaintiff was to be paid 35 cents a cubic yard for earth excavation. In the contract between the defendant and the city it is provided, "the flagstones now in place on the sidewalks surrounding the park shall be removed by the contractor and shall become his property, and will be classified and paid for as earth excavation." Six thousand square feet of flagstones were on the ground when the plaintiff was discharged. He has charged the defendant with their value. We do not think they belonged to him. There is no claim that he was told that he could have them. There is no evidence of any usage. The argument is that by implication of law he succeeded as a sub-contractor to the rights of the contractor. We think the argument is untenable. The defendant has saved the point by an exception to the charge.

The judgment should be modified by deducting therefrom the sum of $480, the value of the flagstones, with interest from August 20, 1910, and as modified affirmed, without costs in this court to either party.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, MCLAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.