ALBANY BUILDERS' SUPPLY COMPANY, Appellant, *v.* EASTERN BRIDGE AND STRUCTURAL COMPANY and Others, Respondents, Impleaded with EDWARD W. LADD and Others, Defendants, and LOUIS HYMAN and Others, Appellants.

Third Department, July 6, 1922.

Liens — mechanic's lien — filing of assignment of contract and of notices of lien with "head of the department or bureau" within meaning of Lien Law, §§ 12 and 16 — common council of city of Rensselaer constitutes "department or bureau" within meaning of Lien Law — assignment of contract and notices of lien properly filed with president of common council — filing with city clerk as statutory clerk of common council insufficient.

The common council of the city of Rensselaer having charge of the construction of a school building is a "department or bureau" within the meaning of section 16 of the Lien Law requiring the assignment of a contract to be filed with the "head of the department or bureau" having charge of the construction and with the financial officer of the city, and also within the meaning of section 12 requiring notices of lien to be filed with the "head of the department or bureau."

Accordingly, a bank, which filed an assignment of a contract for the construction of a school building in the city of Rensselaer, merely with the city treasurer, failed

**62** Albany Builders' Supply Co. *v.* Eastern Bridge & S. Co.

Third Department, July, 1922. [Vol. 202

to comply with the aforesaid provision of the Lien Law, and its claim must be postponed to those of other lienors who subsequently but properly filed notices of their liens with the president of the common council, but the bank after the payment of such liens is entitled to priority over other lienors who merely filed their liens with the city clerk as the statutory clerk of the common council.

Appeal by the plaintiff, Albany Builders' Supply Company, and by the defendants, Louis Hyman and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 2d day of June, 1921, upon the decision of the court rendered after a trial at the Albany Special Term; also from an order entered in said clerk's office on the 14th day of July, 1921, vacating said judgment to permit the introduction of further proof, and also from a judgment of the Supreme Court entered in said clerk's office on the 14th day of July, 1921, upon a supplemental decision rendered after hearing further proof.

This is an action to foreclose a mechanics' lien. The city of Rensselaer made a contract for the construction of a school building. The contractor assigned its contract to the defendant the National Commercial Bank of Albany as security for money advanced by said bank from time to time for the construction of said building. The plaintiff and certain of the defendants furnished material or labor in said construction and have liens against the money remaining unpaid therefor. This money still unpaid by the city is $20,000 and the city concedes its willingness to pay this amount to whoever may be entitled to the same. The amount due the bank under its assignment is considerably in excess of what remains owing by the city. The question here is as to the priority of the claims to the fund by the bank, the assignee thereof, and by the various lienors under the provisions of the Lien Law.

*W. E. Fitzsimmons* [*A. M. Sperry* of counsel], for the plaintiff, appellant.

*James V. Coffey,* for the appellants O'Brien and Simpson.

*Rosendale, Hessberg, Dugan & Haines* [*P. C. Dugan* of counsel], for the appellant, respondent, National Commercial Bank of Albany.

*William C. Gordon,* for the respondent Eastern Bridge and Structural Company.

*John A. Stephens,* for the respondents Kurtz & Wend.

*Neile F. Towner,* for the respondent Hyde.

Cochrane, P. J.:

Section 16 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507) required the assignment of the

contract to the bank to be filed with the " head of the department or bureau " having charge of the construction and with the financial officer of the city.

Section 12 (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507) in the same language required the notices of lien of the several lienors to be filed with the " head of the department or bureau " having charge of the construction and with the financial officer of the city.

Concededly the common council of the city in this instance had charge of the construction. (Rensselaer City Charter [Laws of 1915, chap. 69], § 286, subd. 6.)*   The president of the common council is an elective officer of the city (Charter, § 12, as amd. by Laws of 1917, chap. 680; since amd. by Laws of 1920, chap. 866) and is by the statute declared to be " the presiding officer of the common council " (§ 66).   The city treasurer is the financial officer of the city.   (Charter, § 48.)   The bank filed the assignment of its contract and all the lienors filed notices of their liens with the city treasurer as required by the statute.

The bank did not file its assignment with the " head of the department or bureau " having charge of the construction.   Its contention is that the common council having charge of the construction is not a " department or bureau " and that the requirements of the statute in this instance were satisfied by filing the assignment merely with the city treasurer.   It is true that the terms " department " and " bureau " have sometimes a strict and technical sense and are used in that restricted sense in the charter of the city of Rensselaer and the charters of many other cities in the State as indicating a subdivision of governmental authority. Undoubtedly it is true that the Rensselaer charter contemplating as it does the subdivision of the city government into " departments " does not include in that term the common council, but the question is not as to the meaning of those words as used in the charter but as used in the Lien Law.   As so used I think they have a broader and more comprehensive meaning.   In *Bell* v. *Mayor, etc.* (105 N. Y. 139, 145), under a statute containing precisely similar language (Laws of 1878, chap. 315, § 2), it was held that school trustees of one of the wards of the city constituted a department or bureau within the meaning of the statute.   The trustees in that case were not city but ward officers and no more clearly answered the characterization of a department or bureau of the city government than does the common council in this case.

---

* Since repealed by Laws of 1917, chap. 786, §§ 3–6.   See Education Law, § 875, as added by Laws of 1917, chap. 786.— [REP.

In *Hawkins* v. *Mapes-Reeve Construction Co.* (178 N. Y. 236) it was held that the commissioners of the sinking fund of the city of New York, consisting of the mayor, comptroller, chamberlain, president of the council, and chairman of the finance committee of the board of aldermen, constituted a department or bureau of the city for the purposes of the statute.* We are, therefore, led to the conclusion that the bank failed to comply with the statute in not filing its assignment of the contract with the president of the common council and that it has been properly held by the trial justice that its claim must be postponed to those of the lienors who subsequently but properly so filed notices of their liens.

Some of the lienors filed their notices with the president of the common council thereby unquestionably complying with the statute. Others instead thereof filed with the city clerk as the statutory clerk of the common council. (Charter, § 47.) As to the latter the trial justice held the filing to be insufficient and that their claims should, therefore, be postponed to that of the bank; in other words, that the bank and these lienors having both failed to file with the head of the " department or bureau " having charge of the construction, the bank's assignment being prior in point of time should take precedence over the subsequent liens. In the *Bell Case* (*supra*) it was stated that the filing of the notice with the clerk of the board of trustees answered the requirement of the statute, but it does not appear in that case whether or not there was an official head to that board. In the later case of *Hawkins* v. *Mapes-Reeve Construction Co.* (*supra*) it was held that " in the absence of statutory or record evidence that there was a regular official head " to the commissioners of the sinking fund answering to the description of the department having charge of the construction within the meaning of the statute " service upon the comptroller as a member thereof was service upon the board." The fair inference from this is that if there had been such " a regular official head " the notice should have been filed with him. The statute specifically requires that the notices shall be filed with the *head* of the department or bureau. These words should be construed in such a manner as to give them some meaning. They were evidently inserted for a purpose. In this case there is no difficulty in ascertaining the head of the common council. Such head is designated by statute. (Charter, § 66.) If as in the cases cited there were no well-defined head of the department there might be opportunity in the discreet exercise of liberality of construction which the Lien Law (§ 23) requires to hold that the

* See Lien Law (Gen. Laws, chap. 49; Laws of 1897, chap. 418), § 12.— [REP.

notice might be filed with the clerk. We cannot so hold in this case without ignoring the plain words of the statute. We are, therefore, of the opinion that it has been properly decided that the claim of the bank must be made secondary to the claims of the lienors who filed their notices with the president of the common council, but that the bank after the payment of such liens should receive the balance of the fund unpaid by the city being entitled to priority over the lienors who failed so to file their notices.

The case was tried partly on stipulation, and after decision judgment was entered June 2, 1921. Thereafter, on motion of some of the lienors, that judgment was vacated, additional evidence was received and supplemental findings were made on which another judgment was entered July 14, 1921. The latter judgment is in conformity with the facts as they actually existed, and the action of the trial justice in granting a rehearing and relieving if necessary the parties from any stipulation inadvertently made under the circumstances here existing was not an abuse of discretion and is not the subject of criticism.

The judgment of July 14, 1921, and the order should be affirmed, with costs to each respondent whose lien has been given priority and who has filed a separate brief herein, payable out of the fund.

Judgment of July 14, 1921, and order unanimously affirmed, with costs to each respondent whose lien has been given priority and who has filed a separate brief herein, payable out of the fund. HINMAN, J., not sitting.