SMITH BROS. PLUMBING Co., Plaintiff, *v.* ENGINE AIR SERVICE, INC., Respondent; MONROE MILLER, Appellant, et al., Defendants.

Argued October 13, 1954; decided December 2, 1954.

904

*Leon Engelsberg* for appellant.

*Emerson A. Swartz* and *James G. Moore* for respondent.

*Per Curiam.* Two issues are presented on this appeal: first, whether the County Court had jurisdiction to award appellant a money judgment against respondent, and, second, whether appellant fully performed the terms of the contract under which he was hired to procure a mortgage loan commitment for respondent.

As to the first issue: Appellant was a necessary party to the action instituted by plaintiff Smith Bros. by reason of his having recorded the employment contract as a mortgage, lien or claim against respondent's realty (see Lien Law, § 44), and appellant was, by his answer, required to set forth his claimed lien or be deemed to have waived it (Lien Law, § 44, subd. 5).

In his answer appellant alleged that he had recorded the employment contract and had an equitable lien against respondent's realty and asked for a decree of foreclosure or, in the alternative, for a money judgment. At one time the rule was that if one did not prove a valid lien, equity was without power to give judgment for the moneys due (see *Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391, 395; *Weyer* v. *Beach,* 79 N. Y. 409; *Burroughs* v. *Tostevan,* 75 N. Y. 567). That rule has now been changed so that the court may retain the action and award a money judgment to any party to the action (see *Di Menna* v. *Cooper & Evans Co., supra; Hawkins* v. *Mapes-Reeves Constr. Co.,* 82 App. Div. 72, 77; Lien Law, §§ 64, 54). By timely demand a defendant may preserve his right, in the event of failure of the lien, to trial by jury of the other issues (see *Di Menna* v. *Cooper & Evans Co., supra; Hawkins* v. *Mapes-Reeves Constr. Co., supra*), but respondent has not done so here.

As to the second issue: We agree that the evidence supports the informal findings of the trial court that appellant procured a commitment from the Union Square Savings Bank for a loan in the amount of $50,000 on the premises owned by respondent, within the terms of his authorization. It was not necessary, as respondent contends, for the officers of the corporation to obtain the consent of two thirds of the stockholders before engaging the broker to procure the mortgage loan commitment.

The judgment of the Appellate Division should be reversed, and that of the County Court affirmed, with costs in this court and in the Appellate Division.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgments reversed, etc.